[No. 13628.   Department One. — May 6, 1891.]

M. KELLEHER ET AL., APPELLANTS, *v.* C. H. CRE-
CIAT, RESPONDENT.

BILL OF EXCEPTIONS — TIME FOR SERVICE — NOTICE OF ENTRY OF JUDG-
MENT. — The service of a copy of the findings and judgment upon the
attorneys of the defeated party after entry of the judgment is a suffi-
cient notice of the entry of the judgment under section 650 of the Code
of Civil Procedure; and if a bill of exceptions is served more than ten
days after such notice, without any extension of time therefor, it must
be disregarded upon appeal.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the opinion.

*Wicks & Ward,* for Appellants.

*O'Melveny & Henning,* and *Stephens & Appel,* for Re-
spondent.

BELCHER, C. — This case was tried by the court, and
findings and judgment in favor of the defendant were filed
on the eleventh day of June, 1889.   On the next day,
after the entry of the judgment, a copy of the findings
and judgment, and a copy of defendant's memorandum
of costs and disbursements in the action, were delivered
to the law clerk of plaintiffs' attorneys, at their office,
and the following indorsement was then and there made
by the clerk upon the memorandum of costs: —

"Received copy of the within memorandum of costs,
together with copy of the findings and final decree in the
within-mentioned action, after filing of said findings and
filing and entry of the decree, this June 12, 1889.
                                   "WICKS & WARD, per C.,
                                      "Plaintiffs' Attorneys."

On the 21st of the same month, the plaintiffs' attor-
neys served upon defendant's attorneys, and filed, a notice
of intention to move for a new trial of the action, and

that the motion would be made upon a statement of the case to be thereafter prepared and settled.

On the 2d of July, plaintiffs' attorneys obtained an order for ten days' extension of time within which to prepare and serve their statement on motion for new trial, and on the 11th of the same month they obtained another order, for an additional extension of twenty days within which to prepare and serve such statement.

No statement on motion for new trial was ever served or filed, and no order extending the time within which to prepare or serve a bill of exceptions was ever obtained or applied for.

On the 9th of August plaintiffs' attorneys had an order entered dismissing the motion for new trial, and thereafter, on the same day, served on defendant's attorneys their draught of a bill of exceptions in the action, and a notice of appeal from the judgment, stating therein that "said appeal is taken on the judgment roll and on bill of exceptions."

On the 16th of August, defendant's attorneys served on plaintiffs' attorneys notice that they would move the court to strike out plaintiffs' draught of a bill of exceptions, on the ground that the same was not prepared or served within the time required by law, or within any further time allowed by the court or a judge thereof. This motion subsequently came on for hearing, and was denied, and thereupon the judge of the court settled, allowed, and certified the bill as it is presented in the transcript.

The foregoing facts are shown by a supplemental bill of exceptions prepared, certified, and filed on behalf of defendant.

1. The first question presented here for decision is, Was the plaintiffs' bill of exceptions prepared and served within the time allowed by law? Of course, if it was not, it must be disregarded. The code provides as follows: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may,

within ten days after the entry of judgment if the action were tried with a jury, or after receiving notice of the entry of judgment if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draught of a bill, and serve the same, or a copy thereof, upon the adverse party." (Code Civ. Proc., sec. 650.) " Notices must be in writing." (Code Civ. Proc., sec. 1010.)

The appellants contend that they never received any written notice of the entry of the judgment, and that their bill of exceptions was therefore served in time (citing *Biagi* v. *Howes*, 66 Cal. 469).

On the other hand, the respondent contends that the copy of the findings and judgment served on appellants' attorneys after entry of judgment, as shown by their acknowledgment of service above set out, was a sufficient notice to meet the requirements of the code.

We think the respondent's contention should be sustained. The case cited by appellants is not directly in point. The question in that case arose under a different section of the code, and it was, whether or not the defendants served and filed their notice of motion for new trial in time. The action was tried by the court without a jury, and the decision was announced on the 28th of March. The defendant's attorney was present in court at the time, waived findings, and asked for and obtained an order of court staying proceedings on the judgment for twenty days. No notice of the decision *eo nomine* was ever given, but notice of the rendition and entry of the judgment was given on the 5th of April following. On the 15th of the same month, the defendants gave notice of their intention to move for a new trial, and thereafter, within the time allowed by the court, prepared and served their statement. It was held that, under section 659 of the code, a party intending to move for a new trial, when the action was tried by the

court without a jury, has a right to wait for a notice in writing of the decision from the adverse party, before giving notice of his intention; and he is entitled to such notice before he is called on to act, although he was present in court when the decision was rendered, and waived findings, and asked for a stay of proceedings on the judgment.

In this case, written notice, in substance and effect, of the entry of the judgment was given, and the appellants acted on that notice in their proceedings to obtain a new trial. "The law respects form less than substance" (Civ. Code, sec. 3528); and in our opinion the notice should be held sufficient. (See *Barron* v. *Deleval,* 58 Cal. 95; *Mullally* v. *Benevolent Society,* 69 Cal. 559.)

This being so, it follows that the appellants' bill of exceptions was not served in time, and hence that it must be disregarded.

2. The judgment roll discloses no error, and we therefore advise that the judgment be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.