MARCUS MAURIN and Another v. J. N. CARNES and Another.[1]

July 20, 1900.

Nos. 12,193—(215).

### Second Trial in Ejectment—Time.

The time within which the defeated party may demand a second trial in an action for the recovery of real property does not begin to run until the service of written notice of the entry of judgment as required by G. S. 1894, § 5845.

### Same—Satisfaction of Judgment.

The delivery to the judgment debtor of a satisfaction of the judgment upon payment by him of the amount thereof, the same not being intended as a notice of the entry of the judgment, is not a compliance with the statute, nor such written notice of the judgment as will set the statute in motion.

### Same—Waiver of Written Notice.

Such written notice may be waived by the party entitled thereto, and conduct on his part which clearly indicates an intention to proceed without notice will constitute such a waiver.

### Same.

Acts of plaintiffs in this case, who were entitled to a second trial, *held* not to constitute a waiver of the written notice.

Action of ejectment in the district court for Morrison county. The case was tried before Searle, J., who found in favor of defendants, whereupon judgment was entered pursuant to the findings. From an order granting a second trial, defendants appealed. Affirmed.

*Taylor & Jenks,* for appellants.

*Reynolds & Roeser,* for respondents.

BROWN, J.

This is an action in ejectment, and is before this court on defendants' appeal from an order granting a second trial. The order appealed from was based on G. S. 1894, § 5845. The facts are as follows:

[1] Reported in 83 N. W. 415.

The action was commenced in 1895 to recover the possession of certain real property located in Morrison county. Both parties by their pleadings claimed title to the property and the right to its possession. The cause was tried before the court without a jury, and findings were made and judgment ordered for defendants. Thereafter plaintiffs moved for a new trial, and the order denying the motion was affirmed on appeal to this court. 71 Minn. 308, 74 N. W. 139. The cause having been duly remanded, defendants on February 9, 1898, duly served notice that application would be made to the clerk on February 14 for the taxation of costs and entry of judgment. The costs were taxed and judgment entered on that day. Soon thereafter plaintiffs applied to defendants' attorney for a statement of the amount of the costs, which was furnished them; and on March 4, 1898, they paid the same to defendants' attorney, receiving from him a written satisfaction of the judgment, which they subsequently filed with the clerk. More than a year and a half thereafter, plaintiffs served upon defendants' attorney a demand for a second trial of the action, and at the same time gave notice of motion for an order granting the same, upon which motion the court below made the order appealed from.

No written notice of the entry of the judgment was ever served upon plaintiffs or their attorneys. Defendants do not claim that any such notice was ever given, but do claim that the satisfaction of the judgment which was delivered to plaintiffs upon the payment of the costs answered every purpose of a formal notice, and was a sufficient compliance with the statute. And they further claim that the conduct of plaintiffs in taking notice of the judgment and paying the costs entered therein constituted a waiver of the statutory notice. Whether either of these contentions be sound presents the only question in the case.

1. G. S. 1894, § 5845, provides:

"Any person against whom a judgment is recovered in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial, by notice in writing," etc.

The object of this statute is to secure to the defeated party in ac-

tions of this nature a second trial, as a matter of right, and to limit the time within which it must be applied. And, to the end that a party entitled to such second trial may not be taken by surprise by an entry of judgment without notice, the time within which such trial may be demanded is limited to six months from written notice of such entry of judgment. And the time within which such trial may be demanded does not begin to run in any case until such notice is given, unless, of course, the notice is waived. Actual knowledge of the entry of the judgment is insufficient to set the statute in motion. Nothing short of the statutory written notice, or a clear waiver, will suffice. Our examination of the reports discloses no case directly in point. But in the construction of analogous statutes the authorities are numerous, and very uniform in holding parties to a strict practice in matters of this kind. Statutes placing in the hands of a party to an action the right, by the service of a notice of the entry of a judgment or the filing of an order, to limit the time within which an appeal may be taken therefrom, must be strictly complied with. Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Champion v. Plymouth, 42 Barb. 441. Illustrations of this may be found in the cases cited in 1 Am. & Eng. Enc. Pl. & Pr. 250.

Was the satisfaction of the judgment delivered to plaintiffs under the circumstances stated a sufficient written notice of the judgment, and a compliance with this statute? We are of the opinion that it was not. It was not intended as such by defendants' attorney at the time, and plaintiffs had no reason to suppose or believe that it would affect their rights with respect to the time within which a second trial should be demanded. If the satisfaction be held a sufficient compliance with the statute, actual notice of the judgment should also be held sufficient. But all the authorities hold that actual notice will not dispense with the statutory written notice. 1 Am. & Eng. Enc. Pl. & Pr. 251, and cases cited. And inasmuch as the statute must be strictly complied with, and as it was not intended that the satisfaction should serve as a notice of the entry of the judgment for the purpose of limiting the time to demand a second trial, we are constrained to hold that defendants failed to comply with the statute in this respect.

2. It is clear that a party may waive written notice. Thorne v.

Finn, 69 Cal. 251, 10 Pac. 414. What acts or conduct will constitute a waiver will depend largely on the facts of each particular case. If the conduct of the party entitled to the notice be such as clearly to indicate an intention to proceed without it, he will be deemed to have waived the notice. If he take steps for the purpose of obtaining a second trial before notice of the judgment is served upon him, such conduct will amount to a waiver. It does not appear in this case that plaintiffs took any such steps or proceedings. It is true that they paid the costs which were included in the judgment, —one of the essentials to the right to a second trial,—but it does not appear that they did so as a step towards securing a second trial of the action. The object in paying such costs may have been solely in the interest of business affairs, and the court would not be warranted in presuming that such payment was for the purpose of securing a second trial. Acts to constitute a waiver of the statutory notice must clearly indicate an intention to proceed without the notice. Such does not appear in this case.

Order affirmed.