MARY BEUMER v. JOHN H. WOLL and Others.[1]

May 23, 1902.

Nos. 13,055—(125).

**Redemption from Tax Sale—Repeal of G. S. 1894, § 1655.**

Laws 1885, c. 194 (G. S. 1894, § 1655), requiring county auditors to publish a list of lands sold for taxes and unredeemed, was repealed and superseded by Laws 1889, c. 198 (G. S. 1894, § 1654), which provides for notice of the expiration of the period of redemption to the party in whose name the land is assessed.

**Same—Failure to Publish List of Unredeemed Lands.**

Section 1655 was simply directory in its character, and not mandatory. A failure to publish the list as therein provided did not affect or invalidate proceedings to enforce the collection of delinquent taxes, where a proper service of the notice prescribed by section 1654 had been made.

Action in the district court for Stearns county to determine the adverse claims of defendants to land in possession of plaintiff. The case was tried before Searle, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants John H. Woll and Mary C. Woll appealed. Affirmed.

*Donohue & Stephens* and *H. S. Locke,* for appellants.

*J. D. Sullivan,* for respondent.

COLLINS, J.

This was an action to try the title to forty acres of land in Stearns county. The court below, upon its findings of fact, ordered judgment in favor of the plaintiff, which was thereupon entered;

[1] Reported in 90 N. W. 530.

and John H. and Mary C. Woll, two of the defendants, appealed therefrom.

The plaintiff's title, held good by the court below, is wholly dependent upon the validity of certain proceedings to enforce the collection of taxes delinquent for the year 1885, in which the forty acres were purchased at the time of the delinquent tax sale by one Mitchell; and it is conceded that the appellants are the owners, unless they were devested of ownership by this tax proceeding, and the service of a notice to redeem, in accordance with the provisions of G. S. 1894, § 1654. Counsel for appellants present several assignments of error, and argue a number of objections to the regularity of the tax proceedings, but none require consideration, except the claim that G. S. 1894, § 1655, should have been strictly complied with by the county auditor, and that, without such compliance, Mr. Mitchell could obtain no title as against the true owners, these appellants.

It appears that the county auditor attempted to publish a list as required, but the effort was futile, under the decision in Bergen v. Anderson, 62 Minn. 232, 64 N. W. 561. If, then, it was essential that the auditor cause the list to be published in strict accordance with section 1655, the trial court was in error; otherwise its conclusion of law was correct, and the judgment should be affirmed.

In the case of Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 60 N. W. 813, it is said with positiveness, but without discussion, that by the passage of Laws 1889, c. 198 (now G. S. 1894, § 1654), Laws 1885, c. 194 (now G. S. 1894, § 1655), was repealed and superseded. Undoubtedly the court was of the opinion that by the 1889 enactment the law of 1885 was repealed by implication. This positive assertion in respect to the repeal of section 1655 has been accepted by state and county officers as an ultimate determination, and was correct, we think. But counsel for the appellants meet this by arguing that the rights of their clients to redeem from a tax sale, and what is required in the way of a notice of the expiration of the period of redemption, are governed and measured by the law in force at the time of the sale, and that the repeal of section 1655 is immaterial and of no moment in this particular case. The owners of the land at the time of the

sale had vested rights, it is argued, because of the statute, which could not be constitutionally taken away by any act of the legislature. The decisions of this court in which it has been held that the right of an owner to redeem, and the absolute necessity of giving a notice of redemption, must be determined by the law in force at the time of the sale, are well known; and they inevitably lead to the conclusion that, if section 1655 was mandatory in its nature as to all sales made while it was in force, its repeal would be ineffectual as to appellants. If, however, it was simply a directory provision, an omission to observe it would not prove fatal to plaintiff's title.

By this enactment it was made the duty of the auditor to cause to be published, at least three months before the expiration of the time for redeeming land sold for taxes, a list of all sold and unredeemed lands. Each tract or lot was to be specified, with the name of the owner, if known; and, if unknown, it was to be so announced. The amount required to redeem the same, calculated to the last day of redemption, was to be stated, and also the day on which the time for redemption expired. The only purpose of this notice was to advise landowners that the three-year statutory period for redemption was about to terminate. The exact day on which the period would end, and the amount then required to be paid, were to be published. It did not affect the right to redeem. It was of no service to the purchaser at the sale, or to one who had subsequently taken a certificate of assignment, or to the state. The statute contained no provision as to the effect of a failure to publish. It did not, in terms, declare the tax certificate void or inadmissible as evidence of title in case the list was not published. Publication thereof did not, nor did it purport to, bar a redemption, or to affect an owner's rights. The notice was to be given by the county auditor, and over his acts a private citizen or purchaser at the sale had no control. It is impossible to believe that there was an intent to place in the hands of county auditors full power to invalidate all proceedings previously taken for the enforcement of tax collections, and to render absolutely worthless certificates of sales and certificates of assignments held by hundreds of our citizens who had invested their money in such

instruments. It is obvious that this statute was a mere regulation, and simply directory in its nature. It follows that a failure to publish the list could not affect or invalidate the rights of one who had given a notice in pursuance of the provisions of section 1654.

In the state of Wisconsin a similar provision was held directory, and not mandatory. It was said that "the statute requiring the notice is merely directory, and, if not complied with, inasmuch as it is an act required by law to be done after the certificate of sale has issued to the purchaser, and over which he can have no control, the omission of it ought not to be held in any way to affect him, unless the statute expressly prohibits a deed or makes it void in case the notice of redemption is not duly published." Wright v. Sperry, 21 Wis. 336. The court below was right when it held that compliance with the provisions of section 1655 was unnecessary in order to perfect a title based upon the tax sale.

Judgment affirmed.