## FRANK VOIGT v. JOHN H. WOLL and Others.[1]

January 21, 1910.

Nos. 16,407—(208).

**Purchaser Subsequent to Lis Pendens.**

One who takes a conveyance of the premises from the party in whom title was adjudged in an ejectment action holds his title subject to the rights and equities of the party filing the notice of lis pendens, from the time of filing until the final determination of the second trial.

**Second Trial in Ejectment — Statutory Time.**

Under section 4430, R. L. 1905, when judgment has been entered in an ejectment action, the six months within which the defeated party may pay the costs and damages and demand a second trial commences to run from the time the prevailing party serves written notice of the termination of the appeal, and such appeal is terminated upon the filing of the remittitur in the trial court.

**Same — Notice of Taxation of Costs on Appeal.**

The notice of the termination of the appeal is not satisfied by notice of taxation of costs in the supreme court.

**Demand for Second Trial.**

The party desiring a second trial in an ejectment action, where appeal has been taken to the supreme court, may pay the costs and damages and serve a demand for a second trial on the adverse party at any time within two years from the date of filing the remittitur in the district court, where no notice of the termination of the appeal has been served by the prevailing party.

**Same — Evidence.**

The written demand for a second trial, entitled in the proper action, addressed to the proper attorney, with admission of service indorsed thereon, on file as a part of the judgment roll in an ejectment action, is admissible in evidence without extrinsic proof of the facts therein stated.

Action in the district court for Stearns county to determine adverse claims of the defendants to real estate described and to obtain possession thereof. The complaint alleged that Mary Beumer

[1] Reported in 124 N. W. 447.

became the owner in fee simple of the real estate under proceeding: to collect the delinquent taxes thereon for the years 1883 to 1901, inclusive; that she entered into actual occupancy of the real estate and remained in possession until she conveyed the same to plaintiff; that in an action between her and John H. Woll and others a judgment was entered on January 18, 1902, which adjudged that she was the owner in fee simple thereof, and on appeal to the supreme court this judgment was in all things duly affirmed, and the mandate of this court to the district court duly issued on June 9, 1902, and on June 10, 1902, was filed in the district court; that on April 16, 1903, for full value she executed and delivered to plaintiff a warranty deed of the premises which on May 29, 1903, was duly recorded in the office of the register of deeds of Stearns county; that a certified copy of such judgment and mandate were on April 28, 1903, filed for record with said register of deeds. The complaint also described four different mortgages executed in December, 1906, whereby defendants John H. Woll and wife mortgaged the premises for various sums to other defendants in this action.

The separate answer of defendants Woll alleged that on the day the action of Beurier v. Woll was begun a notice of lis pendens was duly filed; that said notice has always been of record and appeared undischarged and unsatisfied; that on April 27, 1906, after a second trial of that action, a judgment was entered therein by which it was adjudged plaintiff therein had no right or title in the premises, except the lien of taxes and penalties and that defendant John H. Woll was the owner of the premises subject to the lien; that no appeal from that judgment had been taken and that thereafter defendant Woll paid into the county treasury the sum of $134 to redeem the land from tax sales.

The case was tried before Taylor, J., who found that defendant John H. Woll was the owner in fee simple of the premises subject to the several mortgages mentioned in the complaint and answers; that plaintiff had no right or interest in the same and as conclusion of law ordered judgment in favor of defendant John H. Woll. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*William G. White,* for appellant.
*H. S. Locke, Donohue & Stephens* and *J. D. Sullivan,* for respondents.

LEWIS, J.

Appellant brought this action to determine the adverse claims of respondents to certain real estate located in Stearns county, and appealed from an order denying his motion for a new trial.

Patent was originally issued to Levi Hower, who conveyed by warranty deed to Jonathan Woll. In proceedings to enforce the lien for delinquent taxes for 1885, W. B. Mitchell became the owner of the tax title and quitclaimed the real estate to Henry Beumer, by whose last will and testament it was devised and bequeathed to his wife, Mary Beumer. In a certain action in ejectment pending in Stearns county, wherein Mary Beumer was the plaintiff, and John H. Woll, Mary C. Woll, and Jonathan Woll were defendants, judgment was rendered on the eighteenth day of January, 1902, adjudging Mary Beumer to be the owner in fee simple of the property, and appellant claims title by warranty deed from Mary Beumer, of date April 17, 1903, recorded in the office of the register of deeds, Stearns county, May 29, 1903. Respondents Woll claim title by virtue of conveyances from the patentee.

The judgment above referred to was appealed to this court, and affirmed May 23, 1902. Beumer v. Woll, 86 Minn. 294, 90 N. W. 530. The mandate was issued from the office of the clerk of this court June 9, and filed in the district court on June 10, 1902. Respondents then paid the costs and damages, and demanded a second trial, which resulted in a judgment in favor of the Wolls and against Mary Beumer, which was entered in the district court in 1905. Mary. Beumer appealed from that judgment, but the appeal was afterwards dismissed.

The title of respondents in the present action depends upon the validity of this second judgment. At the time the ejectment action was commenced by Mary Beumer against John H. Woll et al., notice of lis pendens was recorded in the office of the register of deeds August 15, 1901, and appellant had constructive notice thereof at the

time he took a conveyance from Mary Beumer and entered into possession of the premises.

In proof of their title respondents introduced in evidence the second judgment, a written demand for a second trial, and evidence of the payment of costs and damages. As before stated, the mandate in the ejectment action was filed in the office of the clerk of the district court on the tenth day of June, 1902. The demand for a second trial was dated May 23, 1904, and was signed by John H. and Mary C. Woll, the defendants, and addressed to J. D. Sullivan, attorney for Mary Beumer, and service of the demand was admitted by him on that day. The costs and damages resulting from the first trial were paid to Mr. Sullivan prior to the service of the demand on him. Mr. Sullivan was the attorney for Mary Beumer at the first trial, and if he was her attorney within the meaning of section 4430, R. L. 1905, on the twenty-third of May, 1904, then the court acquired jurisdiction to proceed with the second trial, and appellant in this action is bound by the judgment which was entered in that case.

There is evidence in the record tending to show that, at the time the demand for a second trial was made, appellant had gone into possession of the premises under his conveyance from Mary Beumer, and he contends that, being in possession under a recorded deed based on the first judgment, the defendants in that action were required to make him a party before the second trial, or at least were required to serve notice upon him of the pendency thereof.

In cases involving the title to real estate, other than ejectment actions, the lis pendens ceases to be notice upon the entry of judgment unless an appeal is taken, in which case the notice continues until the final determination of the action. It is also the rule that in all cases involving title to real estate, where a lis pendens has been filed, judgment entered, and no appeal has been taken, a purchaser from a party to the action after entry of judgment is not a purchaser pendente lite. In other words, the notice has served its purpose, and purchasers after the entry of judgment are not affected by proceedings to modify or set aside the judgment under section 4160, R. L. 1905. Appellant invokes these principles, attempts to apply them

to this case, and insists that the notice of lis pendens ceased to be effective upon the entry of the first judgment.

The position is not well taken, for the reason that ejectment actions are controlled by section 4430, and the effect of a lis pendens must be considered in connection therewith. The purpose of the notice was not fully accomplished by the entry of judgment on the first trial. It was not necessarily final. It was liable to be set aside on appeal. It was also liable to be superseded by a second trial, in which case the notice would continue through to the final determination of the action. Such is the evident purpose of the statute, as will appear from a consideration thereof. Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Aldrich v. Chase, 70 Minn. 243, 73 N. W. 161; Maurin v. Carnes, 80 Minn. 524, 83 N. W. 415.

The proper rule in a case of this kind is as follows: Where lis pendens has been recorded in an ejectment action, one who takes a conveyance of the premises from the party in whom title was adjudged holds his title subject to the rights of the party filing the lis pendens, from the filing thereof until the final determination of a second trial, when one is secured under the provisions of the statute. If the statute was complied with in securing the second trial in the ejectment action, appellant's title fell with that of his grantor by the effect of the second judgment.

We now come to the question whether a proper demand for a second trial was made and whether the costs and damages were paid, as required by statute. At the time the costs and damages were paid to Mr. Sullivan, and the demand was served, more than two years had elapsed from the entry of the judgment in the district court, but less than two years had passed from the time the mandate from this court was recorded in the district court. At that time Mr. Sullivan had been paid in full for his services performed during the first trial, and he appeared for Mary Beumet at the second trial in connection with other attorneys and assisted in prosecuting the case. We consider it unimportant whether Mr. Sullivan was paid in full for his services upon entry of judgment, and had not again been retained at the time the costs were paid to him and service of the demand made.

The validity of the service does not depend upon whether he had been paid in full. It depends upon the construction to be given section 4430. If at the time the costs were paid to him, and the demand was served, the time had passed within which such payment and demand could be made, then the court acquired no jurisdiction, so far, at least, as the interests of this appellant were concerned, and the judgment entered upon the second trial was void as to him. Costs were taxed and judgment entered on the appeal in that action in this court on June 10, 1902, and if such notice of taxation of costs was written notice of the determination of the appeal, within the meaning of the statute, then more than six months had elapsed. No other notice of the determination of the appeal was served. The notice of the taxation of costs served by the prevailing party in this court is not such a notice as is required by the statute to secure a second trial after the determination of an appeal. The statute requires notice of the final determination of the appeal, such a notice as will be understood between the parties as laying the foundation for the running of the six months. Notice of taxation of costs is not of that character, and does not answer that purpose. The party upon whom it is served would not be called upon to assume that the six months commenced to run from that date.

It is further argued that in any event two years had elapsed from the time of the entry of the judgment in the district court, and consequently by the force of the statute (section 4278) Mr. Sullivan was no longer entitled to represent the appellant and service upon him of the demand for a second trial was futile. The statute referred to has no application to actions in ejectment. The question before us is controlled by section 4430. It is there provided "that unless notice of such demand, with proof of service, be filed with the clerk of the district court within two years after the filing therein of a remittitur from the supreme court showing the final determination of the appeal, no retrial shall be had hereunder." From this language it is clear that a final determination of the appeal is evidenced by the filing of the remittitur in the district court, and until the period of two years has elapsed from the filing of the remittitur the attorney at the first trial continues to be the attorney, with au-

thority to receive payment of costs and to acknowledge service of a demand for a second trial.

The written demand for a new trial was introduced in evidence, without any other proof of its service than that which appeared upon its face. It was a record in the office of the clerk of court, was entitled in the proper action, signed by the proper parties, addressed to the proper attorney, with due service admitted, and on its face contained all of the necessary requisites to constitute a proper demand, was a part of the judgment roll, and was admissible as a record.

Affirmed.

JAGGARD, J.
I dissent.