## D'ERRICO v. D'ERRICO

No. 2824

July 17, 1928.                                269 P. 26.

*Platt & Sanford,* for Respondent:

*Brown & Belford*, for Appellant:

## OPINION

*Per Curiam:*

This case is before the court on respondent's motion to dismiss the appeal from the order denying appellant's motion for a new trial.

The situation out of which this motion grows is this: The trial of the case having been conducted and submitted to the court for decision, on October 15, 1927, judgment was entered in favor of the plaintiff as prayed. Four days later plaintiff served upon counsel for defendant proposed findings of fact and conclusions of law. On October 22, 1927, counsel for the defendant served on counsel for the plaintiff objections to plaintiff's proposed findings, and proposed findings of their own. On November 12, 1927, counsel for both parties having been heard, the court made its formal findings and conclusions of law in favor of the plaintiff. On November 17, 1927, counsel for the defendant served and filed their exceptions to the findings of fact and conclusions of law as made by the court. On the 12th of November, 1927, counsel for defendant filed and served a notice of motion for a new trial.

Counsel for respondent make two propositions in support of their motion, (1) that the service of the proposed findings by respondent was written notice of the decision; and (2) that the various acts of counsel for appellant constitute a waiver of such written notice.

■ We cannot agree with either of the contentions made in support of the motion. The legislature of this state in 1921 (Stats. 1921, c. 86), as the result of the holding of a majority of this court in Studebaker Co. v. Witcher, 44 Nev. 442–465, 195 P. 334, to the effect that actual notice of a decision, and not written notice, was all that was necessary to start the time to run in which

a notice of motion for a new trial must be served, enacted that a notice of a motion for a new trial might be given after written notice of a decision.

In considering the effect of the statute of 1921, relative to notice of a decision, we said, in Kondas v. Washoe County Bank, 50 Nev. 181, 254 P. 1080:

"* * * Under the law, plaintiff had ten days from the service of written notice of the rendition of the judgment in which to file and serve notice of his intention to move for a new trial. Of course he had actual notice thereof because he was in court when it was rendered, but when the statute provides for written notice, as in this case, such notice must be given unless waived. Maurin v. Carnes, 80 Minn. 524, 83 N. W. 415. Surely no court will say that such a statutory requirement can be deemed waived unless an intention to do so is clearly and unequivocally manifested. 27 R. C. L. 908; 40 Cyc. 261."

This expression on the part of the court shows a clear intention to require a strict compliance with the requirement of the statute unless a party shows a clear intention to waive it.

█ Counsel for respondent cite two cases in support of the contention that the service of proposed findings is equivalent to written notice. Neither of the cases are in point. In the instant case, *proposed* findings and conclusions of law were served, but in Kelleher v. Creciat, 89 Cal. 38, 26 P. 619, a copy of the findings of the court and judgment as entered were served, which is a very different thing.

The other case cited, Waddingham v. Tubbs, 95 Cal. 249, 30 P. 527, was one in which the court held that a certain written notice should be construed as being the notice required by statute. The case is dissimilar in its facts from the instant case and not in point.

The case which we think is more in accord with the spirit of our statute is that of First Nat. Bank of Rapid City v. McCarthy, 13 S. D. 356, 83 N. W. 423. The court in that case, after reviewing the sections of the statute involved, which is substantially the same as ours, says:

"It is therefore clear from these sections that the notice of the decision which is to set running the time within which the notice of intention is to be served must be in writing. It is not sufficient, therefore, to serve upon the adverse party a copy of the findings and judgment, and secure his admission of service upon the original, but a regular, formal, written notice must be given of the fact and the time of the making of the decision. * * * This is much the best rule. It is more certain and definite, prevents controversies which under any other construction would be likely to arise, and, above all, accords, in our opinion, with the intention of those enacting the statute."

Numerous authorities are cited in support of the conclusion reached.

Furthermore the proposed findings that were served on counsel for appellant were unsigned, and, so far as appears, no notices signed by any one were attached to and served with them. This was no such notice as contemplated. Jansson v. National S. S. Co., 34 Cal. App. 483, 168 P. 151. Hence from no standpoint can it be said that appellant had written notice of the decision in the case.

■ Was there a waiver of notice? We think not. Waiver, as we said in Kondas v. Washoe County Bank, supra, will not be presumed unless an intention to waive is clearly and unequivocally manifested. Such is the well-recognized rule in Nevada. State ex rel. Keane v. Murphy, 19 Nev. 89, 6 P. 840; State ex rel. Equitable Gold Min. Co. v. Murphy, 29 Nev. 247, 88 P. 335. There was no clear intention to waive such written notice until appellant filed and served its notice of motion for a new trial.

■ It is the usual practice in this state for the prevailing party to prepare and serve on opposing counsel his proposed findings of fact and conclusions of law. When these are served, and a showing of such service is made to the court, unless objections and exceptions are taken to them, the court will naturally assume that there are no objections and will sign them, usually, as a

matter of course; hence losing counsel could be forced in every case to sit by and make no objections to proposed findings and conclusions or else waive his right, expressly conferred by statute, to a written notice of the decision, if the contention of respondent is sound. We think we would be doing great violence to the spirit of the statute to adopt any such view. Counsel had a right to stand upon the statute requiring written notice, and, until they gave notice of their intention to move for a new trial, we cannot say that they intended to waive that statutory right.

For the reasons given, the motion to dismiss is denied.

### ON PETITION FOR REHEARING

September 13, 1929.

*Per Curiam:*

Rehearing granted.