William C. RIEMAN, Jr., Respondent,

v.

Jarrel D. JOUBERT, Petitioner, Appellant.

No. C3-84-1412.

Supreme Court of Minnesota.

Nov. 15, 1985.

Gary W. Goldsmith, Minneapolis, for appellant.

Thomas A. Egan, Burnsville, for respondent.

SIMONETT, Justice.

This appeal illustrates the importance of serving a notice of filing of a trial court decision in post-trial motion practice. On the facts of this case, we hold that defendant waived service of notice of filing and, therefore, his motion for a new trial brought more than 15 days after his waiver was untimely.

Plaintiff-respondent William C. Rieman, Jr., sued defendant-appellant Jarrel D. Joubert for breach of an oral contract in Hennepin County Municipal Court. After a

bench trial, the trial court decided in plaintiff's favor and, on August 30, 1983, filed its findings of fact, conclusions of law and order for judgment. Defendant Joubert was required to pay plaintiff $5,000. Neither party served a notice of the filing of the trial court's decision on the other.

On September 19, 1983, defendant Joubert moved ex parte for an order (1) extending the time for a hearing on a motion for amended findings and conclusions of law to December 15, 1983; (2) staying any proceedings to enforce the judgment until the court had ruled on its motion; and (3) allowing defendant to file its motion papers without an accompanying memorandum of law. Accompanying the ex parte motion was counsel's affidavit stating that it would take about 2 months to get a trial transcript and a copy of the proposed motion for amended findings. The trial court granted this motion the same day, September 19.

Four days later, on September 23, defendant Joubert served a copy of the order granting his ex parte motion on plaintiff Rieman. The order was accompanied by copies of the ex parte motion and its supporting papers, including a copy of the motion for amended findings with no date for the hearing inserted. Meanwhile, on September 20, the clerk entered judgment.

After receiving the trial transcript, defendant Joubert re-served his motion for amended findings, this time with a hearing date specified. Defendant's motion was heard, and, on December 22, 1983, the trial judge entered an order denying the motion.

On January 19, 1984, defendant Joubert took two further courses of action. He petitioned the Minnesota Court of Appeals for discretionary review of the December 22 order denying his motion for amended findings, and he served plaintiff Rieman with a notice of motion for a new trial. The court of appeals denied the petition for discretionary review, observing that the time for defendant to appeal from the judgment had expired. As for the new trial

motion, it apparently was never scheduled with the trial court.

Finally, on March 30, 1984, for whatever reason, plaintiff Rieman decided to serve defendant Joubert with a notice of filing of the trial court's findings of fact, conclusions of law and order for judgment filed 7 months earlier on August 30, 1983. Within 15 days of service of this notice, defendant Joubert served a motion for a new trial. The trial court heard the motion on its merits and filed its order dated July 2, 1984, denying a new trial. Joubert appealed this order to the court of appeals.

In a 2-1 decision the court of appeals dismissed Joubert's appeal. *Rieman v. Joubert,* 361 N.W.2d 909 (Minn.App.1985). The majority found that Joubert's motion for amended findings served in September 1983 constituted notice of the filing of the trial court's decision, thereby triggering the 15-day time limit requirement for post-trial motions under Rules 52.02 (amended findings) and 59.03 (new trial). Because Joubert failed to move for a new trial within this 15-day period, it was held the trial court lacked jurisdiction to entertain the new trial motion made in the spring of 1984. We granted Joubert's petition for further review.

There are two issues: (1) Did defendant's motion for amended findings, served on plaintiff, constitute notice of filing of the trial court's decision? (2) If not, did defendant waive notice of filing?

## I.

■ "A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order * * *." Minn.R.Civ.P. 59.03. It is implicit in the requirement of service that the notice be a written notice. While it does not appear that any particular form of notice must be given, plainly the writing must call to the attention of the recipient what it is that has been filed and when.[1] The court of appeals

---

1. While the rules provide no recommended form of notice of filing of a decision, members of the bar have devised their own appropriate forms. Proper practice is for the notice to be a

felt that defendant Joubert's motion for amended findings made in September 1983 was sufficient notice because it "referred to and quoted from the trial court's August 30 order." *Rieman*, 361 N.W.2d at 911. We doubt that a notice of motion and motion for amended findings constitutes a notice of filing of a decision. It is enough here, however, to say that Joubert's motion papers are exceedingly vague and, oddly enough, do not identify the trial court decision sought to be amended, neither quoting from that decision nor mentioning that it was filed, much less the date of filing.

■ In short, defendant Joubert's motion for amended findings satisfies neither the literal requirements nor the purposes of Rule 59.03. We hold that the September motion paper was not a notice of filing of the trial court's decision and, therefore, it did not start the 15-day period for a new trial motion.

## II.

Did, however, defendant Joubert waive notice of filing by moving ex parte for an extension of time for the processing of his motion? We think so.

■ It is important first to recall the purpose of the Rule 59.03 notice of filing. The purpose is to start the time for making post-trial motions. It makes no difference who serves the notice.[2] The 15 days begins to run for the party serving the notice as well as for the party receiving it. *Differt v. Rendahl*, 306 N.W.2d 813, 815 (Minn.1981).

■ The purpose of the notice is not so much to advise the other party that a decision or order has been filed—indeed, the other party is probably very much aware of the filing of the decision or or-

der—but simply to fix, definitely and unambiguously, the time in which post-trial motions can be made. Service of the notice, in other words, is essentially a timing mechanism. *See, e.g., Doyle v. Swanson*, 205 Minn. 40, 42, 284 N.W. 874, 875 (1939) (actual knowledge of filing is no substitute for service of notice of filing); *In re Judicial Ditch No. 2*, 163 Minn. 383, 385, 202 N.W. 52, 53 (1925) ("This construction has the merit of doing away with disputes as to whether or not a party had actual notice, and will establish a uniform rule of practice * * *."); *O'Brien v. Wendt*, 295 N.W.2d 367, 370 (Minn.1980) (service of written notice of the filing by the clerk of court does not suffice). The time limits imposed by Rule 59.03 "have been uniformly treated as absolute by decisions of both this court and Federal courts." *Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 597 (Minn.1977) (footnote omitted). Failure to meet the time limit of Rule 59.03 deprives the trial court of jurisdiction to hear and rule on the post-trial motion. *Id.*

■ When, however, no notice of filing is served, the 15-day time period never starts, and a party apparently has an indefinite period of time in which to make post-trial motions. Nevertheless, there is precedent that a party, by seeking an extension of time limits or a stay of proceedings, may thereby be acknowledging that the time period for seeking post-trial relief from a trial court decision has begun to run; in such a case, the party will be held to have waived service of notice of filing so that the time for motions begins to run from the granting of the requested relief. *Doyle*, 205 Minn. 40, 284 N.W. 874; *State ex rel. McKenzie v. Wilson*, 199 Minn. 452, 272 N.W. 163 (1937); *Maurin v. Carnes*, 80 Minn. 524, 83 N.W. 415 (1900). As stated in *Maurin*, "[w]hat acts or conduct will

---

separate paper, appropriately captioned, with an adequate description of the order or decision filed and the date of filing. While not essential, the careful practitioner will add that the notice is served to limit the time for further post-trial relief.

The proper form for a notice of filing is not a problem. The problem arises when, as here, the notice is not given and the parties then

engage in a debate as to whether some other paper that was served will suffice.

**2.** Written notice of filing an order also limits the time for appealing from the order. Minn.R. Civ.App.P. 104.01. Unlike a Rule 59.01 notice, a Rule 104.01 notice, however, must be served by an "adverse party."

constitute a waiver will depend largely on the facts of each particular case. If the conduct of the party entitled to the notice be such as to clearly indicate an intention to proceed without it, he will be deemed to have waived the notice." 80 Minn. at 527, 83 N.W. at 416–17. And as stated in *Wilson,* "If plaintiff had a right to insist upon the service of a notice of decision, as required by [statute], his conduct was entirely inconsistent with an intention to claim that right and amounts to a waiver of it." 199 Minn. at 453, 272 N.W. at 164.

In this case, on September 19, 1983, defendant Joubert moved ex parte to extend the time for hearing on his motion for amended findings to December 15, 1983, and for a stay of proceedings to enforce any judgment. In support of the motion, defendant's attorney stated in an affidavit that "according to Rule 52.02 of the Minnesota Rules of Civil Procedure, referring to Rule 59.03, a motion to amend Findings must be made within fifteen (15) days of service of notice of filing the decision by the adverse party and shall be heard within thirty (30) days after such notice * * *. That Rule 59.03 governing time for such motions allows the court to extend the time for a hearing for good cause shown."

In asking for the time for hearing of his motion to be extended to a certain date, defendant was representing to the trial court that the time for the serving and hearing of his motion had begun to run, even though a notice of filing of the trial court's decision had not been made. The trial court granted defendant's ex parte motion on September 19, service of a notice of filing was thereby waived by defendant, and the 15-day period for post-trial motions began to run from then.

It is true that defendant Joubert sought an extension of time only to move for amended findings. Judge Crippen, who dissented in the court of appeals' decision, argues that if there was a waiver, the waiver would extend only to the time for Joubert to move for amended findings and would not be a waiver of notice for the purpose of bringing a new trial motion,

*citing State by Mondale v. Independent School District No. 31,* 263 Minn. 438, 116 N.W.2d 711 (1962). In *Mondale,* we held that a grant of a stay of proceedings pending the outcome of an appeal involving distribution of monies that had been paid into court did not waive the service of notice of filing required for triggering the time in which to order a transcript for a settled case. The stay, we said, was to prevent the money award from being disbursed, and had no reference to time limits for obtaining a settled case. *Id.* at 443–44, 116 N.W.2d at 716. *Compare,* however, *Westling v. City of St. Louis Park,* 279 Minn. 366, 157 N.W.2d 56 (1968). In *Westling* we held that a party who obtains an extension of time to get a settled case after an order denying the party's motion for a new trial has been entered waives notice of filing of the original decision as well as notice of the order denying the new trial. *Id.* at 372, 157 N.W.2d at 60. *Westling* appears to stand for the proposition that waiver of notice of filing for one particular time limit can be a waiver of other procedural time limits as well. Our case here, like *Westling* and unlike *Mondale,* involves more than a stay of proceedings to enforce a judgment; it includes the grant of an ex parte request to extend time limits.

We hold that defendant Joubert's successful application for a time extension constituted a waiver of service of notice of filing for the purpose of both a Rule 52.02 motion and a Rule 59.01 motion. *Accord, Westling, supra.* There is no such thing as a piecemeal notice. The notice itself, when given, fixes the time for bringing both motions. We do not think a waiver of the notice should have any less effect. Nor do we think bifurcated post-trial motions ordinarily serve the administration of justice. Here, for example, we have a separate post-trial motion made some 6 or 7 months after the first motion, and long after the judgment became nonappealable. The reason the rules provide for the fixing of a short time span of 15 days for making a new trial motion is to permit the court "to rule upon a motion for a new trial while the facts remain as fresh as possible in the

court's mind." 2A D. Herr and R. Haydock, *Minnesota Practice* 278 (1985). To contenance a piecemeal waiver here is contrary to well-understood motion practice and would encourage bringing stale new trial motions.

A party is not required to bring a new trial motion when moving for amended findings, but usual practice is to blend the two so that if the blended motion is denied, the movant is assured of an appealable order. It should be remembered that while service of notice of filing starts the time limit for all parties, waiver applies only to the party who waives notice. We do not think that Joubert, having cited Rule 59.03 in his request for a time extension, was unaware that he had started the time for both kinds of post-trial motions. Only after realizing that the order denying his motion for amended findings was nonappealable did it apparently occur to Joubert to move for a new trial, and it was only after plaintiff Rieman conveniently served a notice of filing in March 1984 that Joubert seriously considered making an untimely new trial motion.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.