**Marion LEVINE, HUB Investment Company, Appellant,**

v.

**J. Brooks HAUSER, et al., Respondents.**

No. C3-88-2083.

Court of Appeals of Minnesota.

Nov. 15, 1988.

Michael L. Perlman, Michael L. Perlman, P.A., St. Louis Park, for appellant.

Deborah Dyson, Popham, Haik, Schnobrich & Kaufman, Minneapolis, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and FORSBERG and SCHUMACHER, JJ., without oral argument.

**270**

SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

Respondent Hauser operates two grocery stores. A dispute arose with appellant landlord as to the precise amount owed by Hauser for real estate taxes. Appellant brought two unlawful detainer actions. By order on May 13, 1988 the trial court specified the amounts due and indicated that writs of restitution would issue if the amounts were not paid within 20 days. The specified amounts were timely paid and no judgments of restitution were entered.

■ Appellant claims the trial court miscalculated the amounts due. Appellant's motion for amended findings was denied on July 6. We dismissed a prior appeal from that order, since the denial of a motion for amended findings is not appealable. *Kempf v. Kempf*, 287 Minn. 529, 530, 177 N.W.2d 40, 40 (1970).

This appeal, from the May 13 order setting the amounts to be paid, was filed on September 30. Respondents Hauser, et al. move to dismiss, claiming the appeal is untimely.

## DECISION

■ The May 13 order effectively determined the unlawful detainer actions, but it prevented the entry of any judgment of restitution from which an appeal could be taken. *See* Minn.Stat. § 566.12 (1986) (appeal must be taken from *judgment* of restitution); *Makela v. Peters*, 425 N.W.2d 605 (Minn.Ct.App.1988). The order is thus appealable under Minn.R.Civ.App.P. 103.03(e), which authorizes a direct appeal from "an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken[.]"

■ An order may be appealed "within 30 days after service by the adverse party of written notice of filing[.]" Minn.R.Civ. App.P. 104.01. Respondents claim their counsel's May 25 letter constituted such notice of filing, rendering this appeal untimely. The letter noted that *appellant*

had served notice of the trial court's order. It "acknowledge[d] that the Order, signed on May 13, 1988, granting [appellant] a Writ of Restitution will be entered with regard to both cases and properties if payment per the Order is not made within 20 days of the Order." We hold the letter is ineffective to limit the time for appeal from that order.

Notice of filing is also required to limit the time for post-trial motions. Minn.R. Civ.P. 59.03 (notice of motion for new trial to be served within 15 days after a party serves notice of filing decision). In that context, the supreme court has commented on the essential elements of such notices. *Rieman v. Joubert*, 376 N.W.2d 681 (Minn. 1985). "[P]lainly the writing must call to the attention of the recipient what it is that has been filed and when." *Id.* at 683. The letter here described the order, but made *no* reference to filing. The supreme court explained that

> proper practice is for the notice to be a separate paper, appropriately captioned, with an adequate description of the order or decision filed and the date of filing. While not essential, the careful practitioner will add that the notice is served to limit the time for further post-trial relief.

*Id.* at 683–84 n. 1.

The supreme court in *Rieman* held that a motion for amended findings which did not mention that the trial court's decision had been filed, "much less the date of filing * * * was not a notice of filing of the trial court's decision[.]" *Id.* at 684. The letter in this case was not "appropriately captioned," did not mention that the order has been filed or give the date of filing, or indicate that notice was being served to limit the time for appeal. For these reasons, it does not constitute a notice of filing.

We do not hold today that a notice of filing must contain each of the elements identified by the supreme court to limit the time for appeal.

The proper form for a notice of filing is not a problem. The problem arises

when, as here, the notice is not given and the parties then engage in a debate as to whether some other paper that was served will suffice.

*Id.* at 683–84 n. 1. We decline to reward counsel's inattention to the need to serve proper notice of filing by entering that debate.

Motion to dismiss appeal denied.