### In re ESTATE OF Esther M. OPSAHL, Deceased.

### No. C7–89–654.

Court of Appeals of Minnesota.

May 30, 1989.

David A. Barnes, Minneapolis, representing appellant Donald Opsahl.

Steven E. Drange, Olson, Nelson, Drange & Wood, Litchfield, representing respondent Marjorie Brummond.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

Following the death of Esther Opsahl, a will executed on November 3, 1987 was

filed for probate. An objection was served and filed by Marjorie Brummond. Following a hearing, the trial court concluded that the will was the product of undue influence and was void.

The trial court's order refusing to admit the November 3 will to probate was filed on December 20, 1988. The will proponents then moved for a new trial, amended findings of fact and conclusions of law, and an order approving attorney fees. This motion was denied in its entirety by order filed March 6, 1989. The will opponents claim to have served notice of filing of the December 20, 1988 order and the March 6, 1989 order on the will proponents on March 14, 1989. The will proponents have appealed from the March 6 order denying their motion.

## DECISION

In probate matters, only those orders enumerated in Minn.Stat. § 525.71 (1988) are appealable. *In Re Estate of Trow,* 361 N.W.2d 436, 437 (Minn.Ct.App. 1985). Minn.Stat. § 525.71 does not allow an appeal from an order denying a motion for a new trial.

An order admitting, or refusing to admit, a will to probate is an appealable order. Minn.Stat. § 525.71(1). The time for appeal is set out in Minn.Stat. § 525.712 (1988), which provides:

> The appeal may be taken by any person aggrieved within 30 days after service of notice of the filing of the order, judgment, or decree appealed from, or if no notice be served, within six months after the filing of the order, judgment, or decree.

The order refusing to admit the November 3 will to probate was filed on December 20, 1988. Six months have not passed; thus, if no notice of filing has been served,

a new appeal may still be taken from the December 20 order. The will opponents claim they served notice of filing and the time for appeal has expired.

A proper notice of filing must call to the attention of the recipient what has been filed and when. *Levine v. Hauser,* 431 N.W.2d 269, 270 (Minn.Ct.App.1988) (quoting *Rieman v. Joubert,* 376 N.W.2d 681, 683 (Minn.1985)). The purported notice of filing in this case suffers from the same shortcomings as the notice of filing in *Levine:*

> The letter in this case was not "appropriately captioned," did not mention that the order has been filed or give the date of filing, or indicate that notice was being served to limit the time for appeal. For these reasons, it does not constitute a notice of filing.

431 N.W.2d at 270. The notice served by the will opponents did not limit the time for appeal.

On appeal, the will proponents have challenged the portion of the March 6 order denying their request for attorney fees. An order refusing to direct payment of attorney fees is appealable. Minn.Stat. § 525.71(15). Because this appeal is being dismissed without prejudice, the order denying attorney fees may be reviewed in a subsequent appeal. Minn.R.Civ.App.P. 103.04; *see also Emme v. C.O.M.B., Inc.,* 418 N.W.2d 176, 179 (Minn.1988) (appeals should not be brought or considered on piecemeal basis).

Appeal dismissed.