**In the Matter of the PETITION FOR the ESTABLISHMENT OF COUNTY DITCH NO. 11 (BEVENS CREEK), COUNTY OF CARVER, State of Minnesota.**

No. C0–93–1911.

Court of Appeals of Minnesota.

Jan. 25, 1994.

Review Denied March 31, 1994.

Robert A. Nicklaus, Chaska, for appellants-petitioners.

Michael A. Fahey, Carver County Atty., Chaska, for respondent Carver County.

Considered at Special Term and decided by ANDERSON, C.J., and SCHUMACHER and AMUNDSON, JJ.

### SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

On January 26, 1993, respondent Carver County Board of Commissioners (board), as drainage authority, dismissed appellant landowners' (landowners) petition to establish a drainage system. *See* Minn.Stat. § 103E.005, subds. 9, 4 (1992) (a county board may serve as a drainage authority). The board ordered landowners to reimburse the board $81,222.35 for "costs and expenses" it incurred on landowners' behalf during the proceeding, including $32,941.02 in interest. In their appeal to the district court, landowners contested the issue of reimbursement, but not the dismissal of their petition. The district court findings and order were dated June 24, 1993, and summary judgment for the board was entered on June 25, 1993. The summary judgment was appealed to this court on September 21, 1993. We questioned the timeliness of the appeal.

### DECISION

Landowners argue that their appeal is timely because it was taken within 90 days after entry of judgment. *See* Minn. R.Civ.App.P. 104.01. We disagree. District court review of a reimbursement order in a drainage proceeding is a "special proceeding." *See McLeod County v. Nutter,* 111 Minn. 345, 347, 126 N.W. 1100, 1100 (1910) (ditch proceedings are special proceedings); *see also Chapman v. Dorsey,* 230 Minn. 279, 283, 41 N.W.2d 438, 440 (1950) (special proceedings include civil remedies that are not ordinary civil actions). An appeal from a judgment in a special proceeding is governed by the Rules of Civil Appellate Procedure, unless a different time is provided by statute. Minn.R.Civ.App.P. 104.03. This appeal is neither timely under the statutes governing drainage proceedings nor the appellate rules.

### I. *Governing Statutes*

Drainage proceedings are governed by Minnesota Statutes chapter 103E. Appeals to the district court from orders issued by a drainage authority are governed by Minn. Stat. §§ 103E.091 and 103E.095. Appeals to this court are governed by section 103E.095. We conclude that pursuant to section 103E.095, subdivision 5, this appeal should have been perfected within 30 days of entry of judgment.

When landowners appealed the board's reimbursement order to the district court, they cited sections 103E.091, subdivisions 1(3), 3 and 4, and section 103E.095, subdivisions 1 and 2. The former address the procedure for appealing and litigating drainage authority orders determining fees and expenses. The latter address the procedure for appealing and litigating an order which dismisses a drainage proceeding or which establishes or refuses to establish a drainage project. Landowners' appeal to the district court was limited to the extent of the payments ordered by the drainage authority for reimbursement of costs, expenses and interest, but landowners apparently cited the latter provisions because the order for reimbursement also dismissed their petition.

Section 103E.095, subdivision 5 specifies that a party aggrieved by a final order or judgment issued by the district court on a drainage appeal may appeal "as in other civil cases." The appeal must be "made and perfected within 30 days after the filing of the order or entry of judgment." Minn.Stat. § 103E.095, subd. 5 (1992). After a review of the history and revisions of sections 103E.091 and 103.095, we conclude the legislature intended that these two sections be read together. Section 103E.095's provision regarding appeals from the district court applies here even though on appeal to the district court (1) landowners limited their appeal to the issue of reimbursement of costs, expenses and interest, (2) section 103E.091, not 103E.095, is the statute which explicitly addresses reimbursement of fees and expenses, and (3) landowners cited both section 103E.091 and section 103E.095 as the basis for their appeal.

Before 1985, section 106.631 governed appeals of district court rulings in drainage proceedings which rulings are now issued pursuant to sections 103E.091 and 103E.095. See Minn.Stat. § 106.631 (1984). Section 106.631 required that appeals from final orders or judgments of the district court "be made and perfected within 30 days after the filing of the order or entry of judgment." Minn.Stat. § 106.631, subd. 5 (1984). Thus, before 1985, the statute clearly required that a party appeal from a district court's review of a reimbursement order within 30 days after filing of the order or entry of the judgment.

In a 1985 reorganization of the drainage law, the legislature divided section 106.631 into two provisions. See Minn.Stat. §§ 106A.091 and 106A.095 (Supp.1985); see also 1985 Minn.Laws ch. 172, §§ 1–92 (recodifying chapter 106 as chapter 106A); 132 (stating that the recodification was "a clarification and reorganization of the drainage law"). Each section referred to certain appeals to the district court previously grouped together under section 106.631; but the time for appeal from final orders or judgments of the district court was only included in section 106A.095. Compare Minn.Stat. § 106.631 (1984) with Minn.Stat. §§ 106A.091 and 106A.095 (Supp.1985). The legislature, however, expressly stated that the recodification was "not intended to alter the drainage law and shall not be construed by a court or other authority to alter the meaning of the law." 1985 Minn.Laws ch. 172, § 132.

In 1990, the legislature again moved the drainage law provisions, this time to chapter 103E. See 1990 Minn.Laws ch. 391 (generally reorganizing water law); 1990 Minn.Laws ch. 391, art. 5 (recodifying the drainage statutes into chapter 103E). The legislature also specified that the 1990 recodification "shall not be construed * * * to alter the meaning of the law." 1990 Minn.Laws ch. 391, art. 10, § 1.

The legislature did not intend substantive alterations to occur in the drainage law because of 1985 and 1990 recodifications. Therefore, the time to appeal an order or final judgment on the reimbursement of fees and expenses issued under section 103E.091 remains 30 days after entry of judgment. See Minn.Stat. § 103E.095, subdivision 5. In this case, the time to appeal the June 25, 1993 judgment expired on July 26, 1993. Landowners filed their appeal on September 21, 1993, almost two months after the 30-day time period for appeal expired and, therefore, their appeal is not timely under the governing statutes.

## II. *Appellate Rules*

■ Even if a different time was not provided by statute, we conclude this appeal

would still have been untimely under the Rules of Civil Appellate Procedure. Under the rules, landowners' time to appeal the judgment expired 30 days after the board served written notice of entry of judgment. *See* Minn.R.Civ.App.P. 104.03 (appeal from a judgment in a special proceeding must be taken within time limit to appeal from an order); Minn.R.Civ.App.P. 104.01 (appeal from an order must be taken within 30 days after service by the adverse party of written notice of filing).

The board mailed landowners' attorney a copy of the judgment on June 29, 1993, with a cover letter enclosing and serving "the findings and order executed * * * on June 24, 1993." To be effective, a notice of filing must (a) call the recipient's attention to what was filed and when; (b) be a separate document; (c) be captioned appropriately; and (d) describe the decision filed. *Levine v. Hauser,* 431 N.W.2d 269, 270 (Minn.App. 1988) (citing *Rieman v. Joubert,* 376 N.W.2d 681, 683–84 (Minn.1985)). "While not essential, the careful practitioner will add that the notice is served to limit the time for further post-trial relief." *Id.* (quoting *Rieman,* 376 N.W.2d at 684 n. 1).

The board's June 29, 1993 letter and attachments, construed as a whole, were effective to limit the time for appeal. Because notice was served by mail, landowners would have an additional three days to appeal. *See* Minn.R.Civ.App.P. 125.03. Thirty-three days from June 29, 1993, was August 2, 1993, which was seven weeks before landowners filed their appeal. Therefore, landowners' appeal is not timely under the civil procedure rules. Time limits on appeals are jurisdictional and untimely appeals must be dismissed. *Bongard v. Bongard,* 342 N.W.2d 156, 158 (Minn.App.1983) ("[t]ime limits on appeals are jurisdictional").

**Appeal dismissed.**