**Sally A. MATSCH, Respondent,**

v.

**PRAIRIE ISLAND INDIAN COMMUNITY IN THE STATE OF MINNESOTA, d/b/a Treasure Island Casino and Bingo, Appellant.**

No. C5–96–2194.

Court of Appeals of Minnesota.

Feb. 11, 1997.

Joseph Plumer, Plumer Law Office, Apple Valley, for appellant.

Craig Daniel Greenberg, Huffman, Usem, Saboe, Crawford & Greenberg, Minneapolis, for respondent.

Considered and decided by TOUSSAINT, C.J., and RANDALL and DAVIES, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Respondent Sally Matsch is a former employee of appellant Prairie Island Indian Community (the Community). Matsch brought suit in Goodhue County District Court in August 1994. In December 1994, the district court determined (a) it had subject matter jurisdiction over the dispute, (b) the Community had waived its sovereign immunity, and (c) because the tribal courts had concurrent jurisdiction, Matsch was required to exhaust her tribal court remedies before pursuing her claims in the district court. Matsch's claims were dismissed without prejudice, and she filed her complaint in tribal court.

In tribal court, the Community moved to dismiss, arguing (a) the tribal court lacked subject matter jurisdiction and (b) the Community was immune from suit. The motion was argued in the tribal court on April 26, 1995. Nearly one year later, no decision had been issued. Matsch concluded she had exhausted remedies available in the tribal courts, and she refiled the action in Goodhue County District Court. Immediately thereafter, on April 18, 1996, the tribal court issued an order dismissing the action, concluding the Community was entitled to sovereign immunity. The Community then made a motion in district court to dismiss, on the ground that Matsch had not exhausted her remedies by appealing the order of the tribal court. That motion was denied on June 14, 1996.

On June 18, 1996, the Community removed the case to federal court. On October 2, 1996, the case was remanded from federal court by stipulation of the parties. On October 29, 1996, the Community filed this appeal from the June 14, 1996, order denying its motion to dismiss. Matsch moves to dismiss the appeal, arguing that it is untimely under Minn. R. Civ.App. P. 104.01.

### DECISION

■ 1. The Community argued the district court lacks jurisdiction to hear Matsch's claims. An order denying a motion to dismiss for lack of jurisdiction is appealable as a matter of right. *McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 831 (Minn.1995).

■ Matsch argues the appeal is untimely. The time to appeal an order expires 30 days after an adverse party serves written notice of filing. Minn. R. Civ.App. P. 104.01. Matsch has not provided proof that she served any notice of filing. There is no affidavit of counsel, no specific statement in the motion papers regarding the date or method of service, and no copy of the alleged notice of filing. In the absence of specific information, we are unable to determine the adequacy of the alleged notice of filing. *See Duluth Ready–Mix Concrete Inc. v. City of Duluth,* 520 N.W.2d 775, 776 (Minn.App. 1994) (service of copy of order or judgment only, without accompanying notice of filing,

not effective to limit time for appeal); *In re Establishment of County Ditch No. 11,* 511 N.W.2d 54, 57 (Minn.App.1994) (notice of filing consisting of letter and attachments effective to limit time for appeal when construed as a whole), *review denied* (Minn. Mar. 31, 1994); *In re Estate of Opsahl,* 440 N.W.2d 185, 186 (Minn.App.1989) (purported notice of filing not appropriately captioned and lacking mention that order has been filed, date of filing, and purpose of notice held not effective to limit time for appeal); *Levine v. Hauser,* 431 N.W.2d 269 (Minn. App.1988) (letter not captioned as notice of filing ineffective to limit time for appeal). Even if an appropriate notice of filing was served promptly after the district court issued its order on June 14, 1996, Matsch cannot establish that the appeal is untimely.

2. It is undisputed the case was removed to federal court on June 18, 1996. The case was remanded by order of the federal court on October 2, 1996, and this appeal was filed on October 29, 1996.

■ The time to seek appellate review of a decision is tolled when a case is removed to federal court. *Hartlein v. Illinois Power Co.,* 151 Ill.2d 142, 176 Ill.Dec. 22, 28, 601 N.E.2d 720, 726 (1992). Even if removal to federal court is improper, the state courts are immediately deprived of jurisdiction and all state court proceedings held after a state court receives notice that removal has occurred are void. *Medrano v. State of Texas,* 580 F.2d 803, 804 (5th Cir.1978). If the time for appeal has begun, that period "recommences at the point at which it was suspended by the removal petition" when the case is remanded to the state courts. *Brogdon v. Ruddell,* 717 S.W.2d 675, 676 (Tex.App.1986).

■ There is no evidence that Matsch served notice of filing or that the appeal time had even begun to run, much less expired, before the case was removed to federal court. The appeal period was tolled during removal and the appeal was filed promptly after remand. Matsch's reliance on Minnesota cases precluding acceptance of late appeals is misplaced, because no extension is sought. Similarly, Matsch has misread *Levine v. Lacy,* 204 Va. 297, 130 S.E.2d 443, 446(Va.), *cert. denied,* 375 U.S. 932, 84 S.Ct. 330, 11 L.Ed.2d 264 (1963), which held that removal to the federal courts will not restore rights already lost by a party in default. The time to appeal in this case had not lapsed before removal and it was tolled while the case was pending in the federal courts.

**Motion to dismiss denied.**