J. W. GREGG and others *vs.* JAMES UHLESS, impleaded, etc.

September 26, 1878.

**Notice of Appeal.**—A notice of appeal that fails to identify the order·
sought to be removed for review is ineffectual for that purpose.

The plaintiffs brought this action in the district court for Mc-
Leod county, against George A. Burroughs and James Uhless,
alleging that between November 25, 1876, and January 6, 1877,
they sold and delivered to Burroughs certain lumber, etc., of·
the value of $124.63; that such building materials were fur-
nished by them to Burroughs for use in building a house on
lot 8, in block 43, in the townsite of Franklin, in said county,.

of which lot Burroughs was then the owner. They also plead a compliance with the provisions of statute relating to mechanics' liens, and that by reason of the premises they are entitled to a lien on the house and lot and all Burroughs's interest therein, since January 6, 1877; that the defendant Uhless has or claims an interest in the house and lot, which, if it exist, is subsequent to the plaintiffs' lien and subordinate thereto. Judgment is demanded against Burroughs for the unpaid balance of the price of the material sold him, with interest and costs; that such sum be adjudged to be a lien on all the interest which Burroughs had in the land on January 6, 1877, or at any time since then, and that the same be sold to satisfy plaintiffs' demand. On affidavit showing plaintiffs' cause of action, their claim of lien and the facts on which it was based, that Burroughs was not a resident of the state, and that they were in danger of losing their lien, the plaintiffs obtained a writ of attachment against his property, by virtue of which the sheriff attached the lot described in the complaint, as the property of Burroughs, and made return accordingly endorsed on the writ.

The defendant Uhless moved to set aside the attachment, on his separate answer and supporting affidavits, showing that on March 25, 1877, Burroughs and his wife conveyed the lot in question in fee to one Grotz, who on April 25, 1877, conveyed in fee to defendant Uhless, and that neither Grotz nor Uhless, when they received their deeds, knew of any claim of lien by plaintiffs, and that each of them was a purchaser for value. The motion was granted by *Macdonald,* J., on the ground that it appeared conclusively that Uhless, who lived on the lot in question, owned the property when the action was commenced, and that Burroughs had no interest therein; and that under Gen. St. *c.* 90, § 13, an attachment can be allowed only in case the owner of the property on which the lien is claimed is beyond the reach of process, or a non-resident. The order bears date March 1, 1878, and is as follows:

"It is therefore ordered that the levy made under and by virtue of the said writ of attachment named herein, upon the property of said defendant Uhless, as appears by the return of the sheriff of said county endorsed upon said writ, be and the same is hereby set aside, with ten dollars costs," etc.

The plaintiffs on March 4, 1878, served notice of appeal to this court from "all that order of the said district court, bearing date the first day of March, 1878, and setting aside and dissolving the writ of attachment issued in said action against the property of the defendant Burroughs." The respondent moved to dismiss the appeal.

*Edson & Little*, for appellants.

*A. P. Fitch*, for respondent.

CORNELL, J. The notice of appeal is from an order of the district court, bearing date the first day of March, 1878, and setting aside and dissolving the writ of attachment issued in this action against the property of the defendant Burroughs. The return discloses no such order. The only order made in the action, so far as appears by the return, is one "setting aside the levy made under and by virtue of the writ upon the property of defendant Uhless, as appears by the return of the sheriff endorsed thereon, with ten dollars costs of motion." This order is not the subject of the appeal mentioned in the notice, and is not, of course, properly before us for consideration; and as it does not appear by the return to this court that any order of the character described in the notice of appeal was ever made, the appeal is dismissed.