# STATE ex rel. ROSE FELTON v. P. H. STOLBERG.[2]

February 8, 1915.

No. 19,237.

**Settlement of case — discretion of court.**

Granting or refusing a motion for leave to "settle" a case after the time limited by statute, rests largely in the discretion of the trial court. Only in a case of clear abuse of such discretion will this court interfere. In this case the trial court did not abuse its discretion. [Reporter.]

Upon the relation of Rose Felton this court issued its alternative writ of *mandamus* directed to Honorable P. H. Stolberg, as judge of the Nineteenth judicial district, to settle a "case," in an action in the district court for Ramsey

[1] Reported in 150 N. W. 1102.   [2] Reported in 150 N. W. 924.

county between relator and the St. Paul City Railway Co. Respondent's motion to discharge the writ was granted.

*James R. Hickey*, for relator.

*W. D. Dwyer*, for respondent.

PER CURIAM.

This is a *mandamus* proceeding to compel the respondent district court to "settle" a case. The motion to settle the case was made long after the statutory time had expired and after the expiration of all stipulations and orders extending the time. Some matters in excuse were set forth by appellant, but these were addressed to the discretion of the trial court. There was no fact which was conclusive upon the parties or the court. Respondent· retained the proposed case, but this was not a waiver of the objection that it was not served in time. State v. Powers, 69 Minn. 429, 432, 72 N. W. 705. The granting or refusing of a motion for leave to settle a case after the time limited by the statute, rests largely in the trial court's discretion, and only in a case of clear abuse of such discretion will this court interfere. State v. Powers, supra. We cannot hold that the trial court abused its discretion in· this case.