STATE EX REL. HAROLD W. COX v. THE DISTRICT COURT FOR
THE COUNTY OF HENNEPIN AND OTHERS.[1]

March 29, 1923.

No. 23,537.

Mandamus to settle case denied.

Where a party to an action stipulates for a stay of all proceedings, settlement of a case or bill of exceptions is necessarily included. He is not entitled to have the case settled as a matter of right and the supreme court cannot control the discretion of the trial court. Hence relator's application for a peremptory writ of mandamus was denied.   [Reporter.]

Upon the relation of Harold W. Cox, trustee in bankruptcy, the supreme court granted its alternative writ of mandamus directed to the district court for Hennepin county and Joseph W. Molyneaux, and W. W. Bardwell, judges thereof, to show cause why a certain case brought by relator in that court should not be settled and allowed.   Discharged.

*Cowern & Jesmer* and *John A. Burns,* for relator.

*James E. O'Brien,* for respondent.

PER CURIAM.

The petition for a peremptory writ of mandamus requiring the respondent judges to settle and allow the case proposed by relator is denied for the reason that the relator waived his right to notice of the filing of the court's decision, as provided by section 7832, G. S. 1913, by entering into stipulations for the stay of all proceedings in the action.   State v. Kelly, 94 Minn. 407, 103 N. W. 15.   Such a stay necessarily includes proceedings for the settlement of a case or bill of exceptions and is no less effectual as a waiver of notice of the filing of a decision than it would be if entered into solely for the purpose of extending the time for the settlement of a proposed case. Relator is no longer entitled to have the case settled as a matter of right, and this court cannot control the exercise of the discretionary powers of the court below.

[1]Reported in 192 N. W. 937.