PALMER FRUIT COMPANY v. GEORGE C. PALMER AND ANOTHER.[1]

February 29, 1924.

No. 23,643.

Order denying motion for new trial, made upon minutes of the court, af-
firmed, because of lack of properly settled and certified case. [Re-
porter.]

Action in the municipal court of Minneapolis to recover $500 for money
had and received. The case was tried before Reed, J., who made findings
and ordered judgment for the amount demanded. From an order denying
the motion of George C. Palmer, Inc. for amended findings and for judg-
ment in favor of defendants or for a new trial, defendant appealed.
Affirmed.

L. W. Crawhall, for appellant.
Henderson Wunderlich, Brandebury & Stiles, for respondent.

PER CURIAM.

The appeal is from an order denying defendant's motion for a new trial
made upon the minutes of the court.

The respondent makes the point that the order must be affirmed because
there is no properly settled case. When the order was filed on April 24,
1923, there was no settled case. The appeal was perfected in June, 1923.
The files show no notice to settle a case and no stipulation to settle one,
but does show that in October, 1923, the court appended to the stenogra-
pher's transcript an order that it should stand for a settled case. The
certificate fails to state that it contains all the evidence. It might, never-
theless, serve as a bill of exceptions had it been properly settled.

Section 7832, G. S. 1913, provides that the one preparing a case, or a
bill of exceptions, must serve a copy thereof on the adverse party who
shall have ten days within which to propose amendments, and after that
time has expired the same may be presented upon a notice of five days
to the judge for settlement and allowance. The record and files show no
proof of service of a copy of the proposed case upon respondent, and no
notice or proof of notice of application to the judge for settlement or
allowance of the same. Incidentally, attention may be called to the fact
that the error chiefly relied on for a reversal is an objection and excep-
tion interlined in the typewritten transcript, apparently in the handwrit-
ing of defendant's attorney—the only written interlineation found therein.

For want of a properly settled and certified case the order must be
affirmed.

[1]Reported in 197 N. W. 283.