# STATE EX REL. F. J. DRISCOLL AND ANOTHER v. ALBERT H. ENERSEN.[1]

May 8, 1931.

No. 28,569.

[1]Reported in 236 N. W. 488.

342

*E. H. Nicholas,* for F. J. Driscoll.
*Paul C. Cooper,* for Adolph Sucker.
*Allen & Allen,* for respondent.

OLSEN, J.

Petition for writ of mandamus to command the district judge to allow and certify a proposed case as the settled case in the action.

The case was tried to the court without a jury. Decision was later filed therein October 17, 1930. Accompanying the decision was an order staying proceedings for 40 days. The two defendants had appeared by separate attorneys. A copy of the decision was sent by the judge, or reporter, and received by the attorney for one of the defendants but not by the attorney for the other. No written notice of the decision was sent to or served by plaintiffs' attorneys upon the attorney for either defendant. Judgment was entered by plaintiffs without notice on December 8, 1930. A partial transcript of the evidence was ordered from the reporter by defendants' attorneys about December 22, and received by them January 10, 1931. They then decided that a complete transcript was needed and on January 16 sent it back to the reporter to be completed. By reason of other engagements the reporter was unable to complete the transcript until about February 23, and it was received by the attorneys on February 24. Motion was then promptly made to settle the case and was heard on March 5. Plaintiffs' attorneys had returned the proposed case served on them for the reason that it was not served in time. The court on March 10 made its order denying the motion to settle the case. Defendants' attorneys had made no application to the court for a stay.

■ The statute, G. S. 1923 (2 Mason, 1927) § 9329, provides that the proposed case or bill of exceptions shall be served on the adverse party within 40 days after notice of the filing of the decision. It does not further specify the kind of notice required. But we construe the statute to mean written notice, to be given by the attorney for the party claiming the benefit of the statute to counsel for the other party or parties, as distinguished from knowledge obtained in other ways. Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847; State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15; Timm v. Brauch, 133 Minn. 20, 157 N. W. 709. Otherwise the statute would leave it very uncertain as to the time within which a proposed case must be served and would require the courts to hear evidence or affidavits as to when and how knowledge of the filing of an order or decision was obtained by a party, in every case where no notice had been served. Statutory rules of practice, so far as permissible, should be so construed as to remove uncertainty and make the practice definite and certain.

■ It is conceded that counsel for defendants had knowledge that a decision had been made shortly after it was filed on October 17, 1930. It also appears that at the time the decision was filed the court mailed a copy of the decision to defendants' counsel and that such a copy was actually received by the attorney for one of the defendants. The court, in its memorandum to the order denying the motion to settle the case, we believe correctly indicates that neither the copy of the decision mailed by the court to the attorneys nor the fact that counsel obtained knowledge that a decision had been filed would take the place of or be sufficient as the notice required by § 9329.

■ .The court based its refusal to settle the case primarily on the facts that on December 16 and 17, 1930, defendants' attorneys admitted service on a motion and order to show cause why defendants should not be required to tax their costs in the case, and an affidavit of plaintiff's attorney attached to such order; also that on December 9 the attorney for one of the defendants served notice of a motion to reopen the case and for leave to introduce further evi-

dence, and in such motion gave some excuse for the delay in making the motion. This motion was later withdrawn. In the affidavit attached to the order to show cause, above mentioned, it is stated that judgment was entered on December 8 in accordance with the decision of the court but, so far as shown, contains no other information as to the decision or judgment. The court was of the opinion that these motion papers in the two motions constituted sufficient written notice of the filing of the decision under § 9329.

There appear to be two answers: (1) None of these motion papers contain any information as to the time or place of filing the decision or as to its contents so as to identify it. As to what a notice of an order or decision shall contain, it appears to be settled that the notice, while it need not be technically accurate, must contain a sufficient description of the order or decision so as to identify the same. Galloway v. Litchfield, 8 Minn. 160 (188); Gregg v. Uhless, 25 Minn. 272; Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; 1 Dunnell, Minn. Dig. (2 ed.) § 319. (2) None of the motion papers purport to be a notice of the filing of any decision and were not served as such. The most that can be said of these papers is that they tend to show knowledge on the part of the defendants' attorneys of the decision in question.

G. S. 1923 (2 Mason, 1927) § 9329, also contains the provision that the court in its discretion and upon proper terms may grant leave to propose a case and have it settled after the time in that section provided. The trial court, as indicated in its memorandum, appears to have been of the opinion that defendants had been guilty of such laches that in its discretion the court was justified in denying the motion. There may have been laches, but on that question the failure of plaintiffs' counsel to serve notice should be taken into consideration. Where both parties are at fault laches should not be strictly applied. The situation and circumstances should be considered. The case was tried at New Ulm; plaintiffs' attorneys and the attorney for one of the defendants resided at Fairmont; the attorney for the other defendant, at Jackson; the judge and the reporter reside at Marshall and during a part of the time were occu-

pied at Minneapolis, where the judge was holding court; there was correspondence back and forth; plaintiffs' counsel was asked to consent to a stay, and refused. It was also a question as to what extent defendants' counsel could and did rely upon the failure of counsel for plaintiffs to serve notice.

Appeal was promptly taken from the judgment and, so far as appears, in good faith. Presumably the appeal stays further proceedings. The delay should not prejudice the plaintiffs, as it does not appear that it will delay the hearing and determination of the appeal here. The courts in such a situation are disposed to aid the presentation and hearing of the appeal on the merits. The appeal without a settled case would probably be of little value.

The record is not such that the court should hold that defendants had abandoned their intention to move for a settled case, nor did the trial judge deny the motion on that ground.

We hold that the time to move for a settled case had not expired on March 5, 1931; that in any event the trial judge should have allowed the settled case as a matter of discretion.

It is ordered that the writ prayed for be issued.

¹Reported in 236 N. W. 481.