## STATE EX REL. WILLIAM S. McKENZIE v. BYRON R. WILSON.[1]

March 25, 1937.

No. 31,290.

*Schroeder & Schroeder* and *Cobb, Hoke, Benson, Krause & Faegre,* for relator.

*H. N. Jenson, Lowell W. Benshoof,* and *C. U. Landrum,* for respondent.

PER CURIAM.

*Mandamus* to respondent as judge of the district court to settle and allow a case. Findings of fact and conclusions of law in favor of defendants below were made on April 9, 1936, and filed on April 13, 1936. A stay of 30 days was granted upon condition that plaintiff (relator here) file an additional bond in the sum of $6,000, which was required because the stay carried with it a temporary injunction restraining defendants from using the premises. An

[1]Reported in 272 N. W. 163.

*ex parte* motion was made by plaintiff on April 15, 1936, for a stay of 60 days *from and after the date of said order,* in which to have a case settled and make motions in the court below for taking an appeal. The affidavit in support of the motion stated that plaintiff had received a copy of the decision and that the stay granted was insufficient for the purposes mentioned. The matter was heard on April 16, all parties being represented, and a stay was granted until April 28, 1936, without bond, but vacating the temporary injunction. On April 25 plaintiff made a second motion for a further stay of 60 days, which was denied on May 5, 1936. Plaintiff admitted receipt of a copy of the findings of fact and conclusions of law. He took the position in each of the motions that the time within which to move for settlement and allowance of the case and to make motions in the court below had started to run. Each of the orders made by the court was upon the assumption that such was the fact. If plaintiff had a right to insist upon the service of a notice of decision, as required by 2 Mason Minn. St. 1927, § 9329, his conduct was entirely inconsistent with an intention to claim that right and amounts to a waiver of it. He invoked the exercise of the powers of the court below upon the assumption stated, and that is entirely inconsistent with the idea that he was entitled to notice of the filing of the decision to start the time running. A party may waive notice of the filing of the decision. State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15; State ex rel. Cox v. Dist. Court, 155 Minn. 497, 192 N. W. 937. It may be conceded that plaintiff was entitled to 40 days within which to propose his case for settlement and allowance, but this does not affect the waiver.

On June 18, 1936, plaintiff received a transcript of the proceedings from the court reporter. Plaintiff did not then have a strict legal right to serve and have settled a proposed case because the time had already expired. He might have applied to the court for relief upon the grounds that he could not obtain the transcript sooner. But he did not do this. He took no action in the premises until November 21, 1936, which was one day before the expiration of the time within which to appeal from the judgment which had been entered

on May 22, 1936. On November 21, 1936, he served his notice of appeal and copy of the proposed case with a request that defendants' attorneys stipulate for settlement and allowance of the same, which they refused to do and returned the copy to plaintiff's attorney. On December 22, 1936, plaintiff made a motion to be heard on January 4, 1937, to have the case settled and allowed. This motion was made seven months after judgment was entered and over eight months after the findings of fact and conclusions of law had been made and filed. The plaintiff did not then have a strict legal right to serve and have settled the proposed case. The motion was addressed to the discretion of the court below. The only question presented is whether the court below abused its discretion in refusing to settle and allow the case. This court will not interfere except in a case of clear abuse of such discretion. The long delay in applying to the court is not justified. No reason is apparent why an application for settlement and allowance of the case was not made when the transcript was delivered by the reporter. The court below was rightly of the opinion that this case should have been speedily disposed of because delay would cause loss to the defendants. The case was advanced to the head of the calendar so that it might be speedily disposed of, and plaintiff's attorneys were aware that the court intended to act as expeditiously as possible. We find no abuse of discretion. This case is governed by State ex rel. Sylte v. Powers, 69 Minn. 429, 72 N. W. 705; Johnson v. Groth, 102 Minn. 243, 113 N. W. 452.

Under § 9329 a party has 40 days within which to propose his case. The 40 days runs from the service of the notice of the filing of the decision of the court, or the report of the referee, except in the cases in which the time to appeal has otherwise commenced to run, for example, a case in which there is a waiver of the notice, as in the instant case. The time within which an appeal may be taken is governed by § 9497, which is six months from the date of a judgment and 30 days from the filing of an order. In the instant case the time began to run when relator made the *ex parte* motion on April 15. While the court has discretion to permit a

case to be settled after a stay has expired and to extend the 40 days provided by § 9329, it has no such power if the time to appeal has expired under § 9497. The time to appeal from an order had already expired. The court did not abuse its discretion in refusing to permit the case to be settled at the time the appeal from the judgment was taken. State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488, is not in point because in that case notice of the filing of the decision was not given and the running of the time had not commenced, as in the instant case.

Writ discharged.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.