MARY DOYLE v. VICTOR J. SWANSON.[1]

March 24, 1939.

No. 32,007.

[1]Reported in 284 N. W. 874.

*E. Luther Melin,* for relator.
*John C. Styer,* for respondent.

PER CURIAM.

This action was tried by the court without a jury. Findings of fact and conclusions of law in favor of plaintiff were made and filed on January 21, 1938, but no stay of proceedings was granted at the time of filing of the decision. No notice of the filing of the decision was ever served on defendant. He applied to the court on January 28, 1938, for a stay of 25 days from that date, which was granted. Thereafter he made a motion for amended findings or a new trial, which was denied without a stay on April 1, 1938. Judgment was entered on April 4, 1938. On April 7, 1938, defendant made a motion to vacate the judgment and have a stay of the order of April 1, 1938, for 90 days, which was denied on May 18, 1938. On September 17, 1938, he served a proposed case on plaintiff with notice that he would apply to the court for an order settling it on September 26, 1938. The court, upon plaintiff's objection, refused to settle the case upon the grounds that the application was not timely. Defendant appealed from the judgment on October 1, 1938, three days before the time within which to appeal expired. Then he obtained an alternative writ of *mandamus* out of this court to compel the court below to settle the case which had been proposed and submitted for settlement. There appears to have been a delay of approximately eight months between the date of the decision on January 21, 1938, and the service of the proposed case. No excuse for the delay is given except that defendant claims that he was not required to act sooner due to the fact that notice of the filing of the decision was not served upon him.

The party preparing a case is required to serve the same on the adverse party "within forty days after verdict, or, if the trial be by the court or a referee, after notice of the filing of the decision or report." Ten days are allowed within which to propose amendments. Then the party proposing the case should present it to the

judge who tried the case for settlement and allowance upon five days' notice. 2 Mason Minn. St. 1927, § 9329. The decision referred to is that of the court deciding the case, the findings of fact, and conclusions of law. Subsequent orders may determine matters in connection with the case, but none of them is a decision within the meaning of the statute. The statute is mandatory in its requirement that notice of the filing of the decision must be given to start the time for settling the case running against the adverse party. Knowledge of the filing of the decision acquired in other ways is no substitute for the written notice of the filing of the decision for the reason that proof of such knowledge would make it uncertain in the particular case as to when the time began to run. State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488. Here that objection does not avail. The court upon the defendant's own application fixed the time within which to settle the case at 25 days from January 28, 1938. The record definitely shows the time by order of court which the defendant himself procured. The defendant himself has taken notice of the filing of the decision and by the proceedings taken in this matter has shown it of record. In that situation written notice of the filing of the decision is no longer required. The defendant has submitted himself to the court's orders upon the basis that the time was running and that he should have until a definite time within which to settle the case. In that situation he should be deemed to have waived the service of written notice upon him by the adverse party. State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163; State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15. The orders made subsequent to January 28, 1938, did not start the period for the settlement of the case running anew from the date of each order. The time runs but once, and that is from the original decision. Defendant does not appear to have been free from inexcusable delay.

Writ discharged.

Mr. Justice Hilton, incapacitated by illness, took no part.