REINO L. PERRY AND ANOTHER v. THORPE BROS., INC., AND OTHERS.

124 N. W. (2d) 493.

November 8, 1963—No. 38,951.

*Byron W. McCullagh,* for appellants.
*Harold C. Evarts* and *Best, Flanagan, Lewis, Simonet & Bellows,* for respondents Thorpe Bros. and Morey.

MURPHY, JUSTICE.

This is an appeal from an order denying plaintiffs' motion for a new trial and from a judgment in favor of the defendant real estate broker, Thorpe Brothers, Inc., and its agent, C. J. Morey, allowing them to retain $3,250 paid to them by the plaintiffs as earnest money on a contract for purchase of real estate. For some unexplained reason the contract was never completed. The issue is whether under the circumstances disclosed by the record the agents may retain the earnest money as a commission.

There is no settled case in the record. The scope of review is limited to the question of whether the findings of fact, aided by the admissions in the pleadings, are sufficient to sustain the judgment. Peach v. Reed, 87 Minn. 375, 92 N. W. 229; State ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396; Elton v. Northwestern Nat. Life Ins. Co. 192 Minn. 116, 255 N. W. 857; and Swendson v. Swendson, 256 Minn. 445, 98 N. W. (2d) 665.

By their complaint the plaintiffs allege that defendants Thorpe Brothers, Inc., and C. J. Morey were the agents of defendants Vincent and Katherine Rooney, owners of certain real estate; that through the defendant brokers plaintiffs entered into an agreement for the purchase of the real estate for the sum of $67,500 and paid $3,250 as earnest money to be applied on the purchase price. They allege that because of unpaid tax liens and other title defects the title to the property was not marketable; that although at all times they were prepared to carry out their part of the agreement, defendants Rooney, contrary to the agreement, conveyed the property to defendant R. N. Beim. Plaintiffs ask specific performance or in lieu thereof damages for the breach of the contract or for judgment against the defendants other than Beim in the sum of $3,250, the amount of their deposit.

By separate answer Thorpe Brothers, Inc., and C. J. Morey deny that their principals refused to perform the contract and allege that they themselves are entitled to retain the deposit as their commission on the transaction. Defendants Rooney answered, admitting that their agents negotiated a sale and purchase transaction and prepared a written agreement with the plaintiffs which was acceptable to them,

and that the plaintiffs paid $3,250 to their agents as earnest money. They allege that the plaintiffs failed to perform the purchase agreement and that they consequently sold the property to the defendant Beim without the services of any broker. By his answer the defendant Beim denied liability and admitted purchasing the property from the sellers pursuant to an oral agreement without benefit of a broker's service.

By its order for judgment the trial court directed that defendants Thorpe Brothers, Inc., and Morey were entitled to the $3,250 deposit as liquidated damages, but that the plaintiffs were entitled to judgment against the Rooneys in the sum of $3,325, with costs and disbursements. Recovery as against defendant Beim was denied. The findings of the trial court substantially recite the allegations of the complaint up to the crucial point where they relate to the contractual undertakings between the parties. Findings Nos. 5 and 6 recite:

"That on July 27, 1961, the parties met for the purpose of carrying out the terms of the purchase agreement and that defendants, Vincent R. Rooney and Katherine M. Rooney, were prepared to furnish a marketable title to said property on said date. That the meeting of July 27, 1961, was continued by agreement of the parties for the purpose of again having a meeting to carry out the terms of the purchase agreement."

"That on August 9, 1961, without notice to the plaintiffs the defendants, Vincent R. Rooney and Katherine M. Rooney, sold and conveyed said property to Defendant R. N. Beim."

We agree with the plaintiffs that the trial court's conclusions of law and order for judgment are not supported by these findings. Obviously, if the defendant brokers have a right to retain the $3,250 earnest money, that right must depend upon the contractual undertakings found in the purchase agreement.[1] That agreement clearly provides that the

---

[1]That agreement contains the following provision:

"If said title is not marketable and is not made so within 120 days from the date of written objections thereto * * * this agreement shall be void and neither principal shall be liable for damages hereunder to the other principal and all money theretofore paid by the buyer shall be refunded; but if the title

earnest money payment may be retained as liquidated damages if the "buyer shall default in any of the agreements" provided for in the contract. There is nothing in the findings which supports the conclusion that the plaintiffs defaulted in the terms of their agreement. They merely recite that the parties met on July 27, 1961, for the purpose of carrying out the agreement, at which time the sellers were prepared to furnish marketable title; that the meeting "was continued by agreement of the parties"; and that later for some unexplained reason the sellers conveyed the property to another purchaser. Clearly, these facts do not indicate a breach of the agreement on the part of plaintiffs.

In support of their claim that they are entitled to the $3,250, the defendants cite Meyer v. Keating Land & Mtge. Co. 126 Minn. 409, 410, 148 N. W. 452, to the effect that "[w]hen a broker procures a purchaser, presents him to his principal, and the principal, without fraud or other wrong on the part of the broker, accepts him and enters into an enforceable contract with him, the broker's compensation is earned." They also cite Bailie v. Ridker, 249 Minn. 161, 81 N. W. (2d) 798, and Olson v. Penkert, 252 Minn. 334, 90 N. W. (2d) 193. The authorities relied upon by the defendants would be of force in an action by an agent against his principal, but they are wide of the point which is an issue here. No authorities are cited to the effect that their agreement with their principals can be the basis of a claim against a third party, nor is it likely that any such authority is to be found.

The authorities which relate to the broker's liability to a prospective purchaser for a refund of earnest money when the contract of purchase fails because of a defect in the vendor's title are gathered in Annotation, 38 A. L. R. (2d) 1382. Among them are Gosslin v. Martin, 56 Ore. 281, 107 P. 957; Gust v. Wilson, 79 N. D. 865, 60 N. W.

---

to said property be found marketable, or be so made within said time, and said buyer shall default in any of the agreements and continue in default for a period of 10 days, then and in that case the seller may terminate this contract, and on such termination all the payments made upon this contract shall be retained by said seller and said agent, as their respective interests may appear, as liquidated damages, time being of the essence hereof; * * *."

(2d) 202, 38 A. L. R. (2d) 1371; Williams v. Meyer (La. App.) 29 So. (2d) 599; Martin v. Allen, 125 Mo. App. 636, 103 S. W. 138; Meek v. Flynn, 198 Okla. 18, 174 P. (2d) 363; Murrah v. Shirley (Tex. Civ. App.) 237 S. W. 307; Jensen v. Miller, 162 Wis. 546, 156 N. W. 1010. The rule gleaned from these authorities is: "If earnest money is paid to a broker, and the contract is broken by the principal, the broker, notwithstanding that he has disclosed his principal, is liable to the other party for the return of the earnest money, unless he has in good faith paid it over to his principal." 8 Am. Jur., Brokers, § 130. Even more in point is the recent case of Hicks v. Howell, 203 Va. 32, 121 S. E. (2d) 757, which involved an action by purchasers against vendors and brokers to recover an amount deposited on account of a purchase price of realty. It was there held that the brokers who received the purchase money deposit as agent of the vendors could not apply such funds to the payment of the commission owed to the brokers by the vendors, who were unable to deliver a marketable title as required, and that the brokers were liable to the purchasers for the amount of such deposit. It is true that in all of the cases cited the vendor failed to produce a marketable title. We see no reason, however, to apply a different rule where the sale is prevented by default on the part of the principal or by some other reason than default or other breach on the part of the buyer. Any doubt on this point is set at rest by the provisions of the agreement involved here which make the default of the buyer the condition upon which the seller and agent may retain the earnest money.

The judgment appealed from is reversed.