## RICHARD J. WESTLING AND ANOTHER v. CITY OF ST. LOUIS PARK AND OTHERS. MORRIS M. SHERMAN AND OTHERS, INTERVENORS.

157 N. W. (2d) 56.

March 1, 1968—Nos. 40,973, 41,091.

---

[3] Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. ed. (2d) 493.

*Dworsky & Rosen, William S. Rosen,* and *Paul H. Ravich,* for appellants.

*O'Connor, Green, Thomas, Walters & Kelly* and *Kenneth W. Green,* for defendant respondents.

*William E. Mullin,* for intervenor respondents.

OTIS, JUSTICE.

Plaintiffs seek a writ of mandamus to compel the trial court to order a settled case (41,091). Defendants and intervenors resist the petition and in addition move to dismiss plaintiffs' appeals from two orders denying a new trial (40,973).

These proceedings arise out of an action seeking a declaratory judgment compelling the city of St. Louis Park to issue plaintiffs a permit to erect an apartment building in an area zoned for single-family dwellings only. It is the contention of plaintiffs that because the

property in question is low and swampy the expense of preparing the soil for single-family dwellings equals or exceeds the amount which can be realized from the sale of the property if devoted to its authorized use. Plaintiffs assert that as to them the ordinance is therefore confiscatory and invalid.

The trial court found that the land in question and the surrounding area had been subject to a zoning ordinance since 1932 which prohibited construction of multiple-family dwellings; that plaintiffs had developed the area and sold lots to intervenors and others on which plaintiffs had constructed single-family dwellings; that the city's planning commission and council could find that the erection of an apartment building would depreciate the value of the surrounding property; and that inasmuch as intervenors had purchased property in reliance on the existing zoning restrictions, plaintiffs were estopped from seeking to rezone for purposes inconsistent with the existing zoning ordinance.[1] In reaching its decision, the court found that one of the two parcels here in question was of negligible value under existing zoning restrictions, but that plaintiffs had failed to prove *both* parcels to be valueless as presently zoned. The court concluded that the refusal of the city to rezone was not unreasonable and dismissed the complaint.

The court's findings and conclusions were signed on July 15, 1965. They did not direct the entry of judgment, and judgment was not then entered. The trial court noted in the record, however, that all of the parties thereafter apparently proceeded on the assumption that judgment had in fact been entered after a 30-day stay.

The issues here for decision arise as a result of the failure of defendants and intervenors to serve plaintiffs with written notice of the filing of either the findings of fact, conclusions of law, and dismissal or the two orders denying a new trial which followed.[2]

---

[1] See, Filister v. City of Minneapolis, 270 Minn. 53, 133 N. W. (2d) 500, certiorari denied, 382 U. S. 14, 86 S. Ct. 47, 15 L. ed. (2d) 10.

[2] It is undisputed that shortly after July 15, 1965, plaintiffs received copies of the court's decision and were advised by the court that it would be filed on July 19, 1965. However, knowledge of the filing does not satisfy

On July 23, 1965, plaintiffs petitioned the city for leave to re-claim the property in question by draining the land, removing the peat, and replacing it with solid fill.

On August 2, 1965, plaintiffs moved for a new trial on the minutes of the court under Rule 59.03(3), Rules of Civil Procedure, which motion was denied on August 19, 1965.[3] Thereafter plaintiffs sought and secured an order of the court dated August 30, 1965, extending for 30 days the time prescribed by Rule 59.07 within which to order a transcript.[4] Thereafter plaintiffs secured three successive extensions, the last of which was granted on January 31, 1966, with the following admonition by the court:

"I have continued this matter to April 15, 1966 for the reason that the Planning Commission of the City of St. Louis Park meets either the first or second week of each month. This continuance will give them opportunity at three meetings to consider the request for a permit for drainage and fill. If they have not acted by that time, it would be an indication to me that there is no intention of the council to act and this matter should be concluded by appeal.

"Since the matter could be disposed of should the City of St. Louis Park act favorably upon the Westlings' application for the drain-age and fill permit, I do not believe it is right to put the plaintiffs here to the expense of ordering transcripts unless they are necessary.

the requirements for service of written notice. Doyle v. Swanson, 205 Minn. 40, 42, 284 N. W. 874, 875.

[3] Rule 59.03(3), Rules of Civil Procedure, provides in part as follows: "A notice of motion for a new trial to be heard on the minutes shall be served within 15 days after verdict or notice of the filing of the decision or report * * *."

[4] Rule 59.07 provides in part: "* * * The transcript must have been ordered, and the order accepted by the reporter, not later than 30 days after verdict or notice of the filing of the decision."

It should be noted that effective February 1, 1968, Rule 59.07 has been deleted by virtue of Rule 59.02, Rules of Civil Procedure, and Rule 110.02, Rules of Civil Appellate Procedure. See, also, Rule 126.02, Rules of Civil Appellate Procedure.

"No further extension will be granted in this case unless all attorneys involved agree to such extension."

The plaintiffs permitted the last extension to expire on April 15, 1966, without ordering a transcript.

On January 16, 1967, the city council of St. Louis Park denied plaintiffs' application to reclaim the land in question. Thereafter plaintiffs brought a second motion for a new trial on April 22, 1967. In support of their motion, plaintiffs' counsel alleged in an affidavit that the defendant city of St. Louis Park had repeatedly represented to and assured plaintiffs that permission would be granted to reclaim the land; that plaintiffs relied on these assurances; and that the ultimate decision to refuse the reclamation permit was newly discovered evidence which conclusively demonstrated the land was valueless since its only contemplated use was a ponding area.

The second motion for a new trial was denied on June 9, 1967, and judgment entered on that date. A transcript was finally ordered on June 16, 1967. On June 19, 1967, plaintiffs appealed from the orders denying a new trial of August 19, 1965, and June 9, 1967, and from the judgment of June 9, 1967.

On September 11, 1967, plaintiffs' motion for an order settling the case was denied. These mandamus proceedings followed.

We have determined that the trial court did not abuse its discretion in refusing to order a settled case and that without a settled case the orders appealed from must be affirmed.

■ In a memorandum accompanying its order of September 11, 1967, the trial court held that the plaintiffs waived their right to notice of the filing of the decision of July 15, 1965, by moving for an extension of the time in which to order a transcript in August 1965. The court was of the opinion that the time for obtaining a transcript as a matter of right under Rule 59.07 began to run on April 15, 1966. Recognizing the discretionary power of the court to extend the period as set forth in Rule 59.07,[5] it concluded its memorandum by stating:

---

[5] Rule 59.07 provides: "* * * The times herein limited may be extended

"* * * A grant of discretion is not a grant of unbridled license. Fourteen months have expired since the expiration of the last extension of time. At some period of time the Court's rightful authority to act in a case must cease. Causes must not, in any legal system, be permitted to have no end. The defendants and intervenors have assumed, with justification, that this matter was at rest and have acted under such assumption.

"For the foregoing reasons, the motion of plaintiffs has been denied."

The plaintiffs concede that our decision in Doyle v. Swanson, 205 Minn. 40, 284 N. W. 874, permits the trial court to find that plaintiffs waived their right to notice of the entry of the order of August 19, 1965, denying a new trial. They argue, however, that the court abused its discretionary power in refusing to settle the case and that plaintiffs were, in any event, entitled to a settled case with respect to the findings, conclusions, and dismissal of July 15, 1965, as to which no notice was served.

We hold that the court did not abuse its discretion in denying a settled case with respect to the order of August 19, 1965.[6] Plaintiffs' original petition for reclamation was filed with the city council on July 23, 1965, and had not been favorably acted on by February 7, 1966, when the court unequivocally admonished plaintiffs to perfect their appeal if the reclamation application was not granted by April 15. In the face of this unambiguous deadline, plaintiffs allowed the time for ordering a transcript to expire and took no steps to secure one until June 16, 1967, almost 2 years after they filed their reclamation petition, and 5 months after it was denied. Under these circumstances we agree with the trial court that defendants and intervenors had a right to assume the

by order of the court; and the court, in its discretion and upon proper terms, may grant leave to propose a case after the time herein allowed therefor has expired."

[6] State ex rel. Felton v. Stolberg, 128 Minn. 537, 150 N. W. 924; State ex rel. Cox v. District Court, 155 Minn. 497, 192 N. W. 937; State ex rel. Dalkin v. Guilford, 192 Minn. 345, 256 N. W. 238; Vessel v. Greenlee, 255 Minn. 305, 96 N. W. (2d) 382.

matter had been laid to rest by the decision rendered almost 2 years previously.

■ Plaintiffs argue that a stay granted for one purpose does not constitute a waiver for a different purpose, citing as authority State, by Mondale, v. Independent School Dist. No. 31, 263 Minn. 438, 116 N. W. (2d) 711. There we simply held that there was not implicit in a stay of proceedings a waiver of notice for purposes of ordering a settled case where the motion and order secured by appellant were unrelated to any extension of the time in which to order a transcript. Although the plaintiffs here assert that the first motion for a new trial was made on the minutes and hence the transcript was not related to that motion but was required in connection with the decision of July 15, 1965, dismissing the complaint, we are unable to perceive a distinction in the effect of the extension. Plaintiffs did not, in any event, appeal from the original dismissal. We need not decide whether a motion for a new trial in itself constitutes a waiver of notice of the filing of the original decision. Although by analogy this result would seem to be inescapable, we hold that the motion for an extension of the time within which to secure a transcript constituted a waiver of notice with respect to the filing of both the order denying a new trial and the dismissal of the complaint.[7] Hence, the time within which to order a transcript as a matter of right began to run in April 1966 and expired before the motion was made in 1967.

■ We are also of the opinion that the trial court was correct in denying the motion for a settled case with respect to the second order denying a new trial, dated June 9, 1967. Under Rule 59.03, the motion for a new trial for a cause not appearing of record but shown by affidavit shall be served not later than 60 days after notice of the filing of the decision.[8] For two reasons we hold that

---

[7] State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15; State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163; Doyle v. Swanson, 205 Minn. 40, 284 N. W. 874.

[8] Rule 59.03(1) provides: "A notice of motion for a new trial for a cause not appearing of record, but shown by affidavit, shall be served not later than 60 days after verdict or notice of the filing of the decision or

the court was not required to settle the case on the basis of the second motion for a new trial. First, the waiver of notice of filing the July 15, 1965, decision for purposes of applying Rule 59.07 is equally effective with respect to Rule 59.03. Secondly, under Rule 60.02, the court may relieve a party from a final judgment, order, or proceeding because of new evidence not discovered in time to move for a new trial under Rule 59.03 only if the motion is made not more than 1 year after the judgment, order, or proceeding was entered or taken.[9] On either theory, the plaintiffs' second motion for a new trial was untimely, and they were not entitled to a settled case with reference to it.

In a memorandum accompanying its order of June 9, 1967, denying the second motion for a new trial, the court held that plaintiffs had no right to make the motion. Nevertheless, out of an abundance of caution, the court added that even if plaintiffs had such right, they had failed to establish the existence of newly discovered evidence. The court noted that the denial of plaintiffs' application to reclaim the land had no bearing on the present lawsuit but might give rise to an independent cause of action. It concluded by stating that our decision in Ostrand v. Village of North St. Paul, 275 Minn. 440, 147 N. W. (2d) 571, rendered subsequent to the trial court's original decision, did not constitute newly discovered evidence as plaintiffs asserted, and was, in any event, distinguishable. We are in accord with the trial court's views, and the writ of mandamus is therefore discharged.

■   Without a settled case, the only issue remaining for decision

---

report, unless the time be extended by the court for cause upon application made during such 60-day period."

[9] Rule 60.02 provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03 * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

is whether the findings of fact support the conclusions of law.[10] That matter remains before us upon the plaintiffs' appeal from the judgment of June 9, 1967. As to the orders denying a new trial, for want of a settled case they are affirmed.[11]

Writ of mandamus discharged (41,091) and orders denying new trial affirmed (40,973).

[10] Elton v. Northwestern Nat. Life Ins. Co. 192 Minn. 116, 119, 255 N. W. 857, 859; Konkel v. Fort, 245 Minn. 535, 73 N. W. (2d) 613; Perry v. Thorpe Bros. Inc. 267 Minn. 29, 30, 124 N. W. (2d) 493, 494.

[11] Palmer Fruit Co. v. Palmer, 158 Minn. 531, 197 N. W. 283.