**In re the Marriage of Jerome E. SWANSON, Petitioner, Appellant,**

v.

**Barbara J. SWANSON, Respondent.**

**No. C7–83–1273.**

Court of Appeals of Minnesota.

July 31, 1984.

Kenneth P. Griswold, Ruttenberg, Griswold, Orren & Associates, St. Paul, for appellant.

Ramon I. Esparolini, St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and RANDALL and SEDGWICK, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree in this marriage dissolution action were filed April 20, 1983. On July 14, 1983, the husband served a motion for amended findings or for a new trial upon the wife's attorney. After a hearing, the court denied the husband's motion as untimely, and the husband appealed. We find the motion was timely. We reverse and remand for consideration of appellant's motion on the merits.

## FACTS

Following a trial of this dissolution action, the court filed its findings and judgment on April 20, 1983. On May 13, 1983, the wife's attorney handed the husband's attorney a copy of the judgment and decree bearing a notation by the Clerk of Court of its entry and filing. The gesture was accompanied by no statement of purpose, no cover letter, and no other written document, although the respondent's attorney claims he told appellant's attorney of his reason for handing it to him. On July 14, 1983, the husband served a motion for amended findings or for a new trial upon the wife. Five days later, the wife countered with a motion opposing the husband's motion as untimely under Rule 59.03, Minn. R.Civ.P. The court denied the husband's motion, granted the wife's motion, and thus never reached the merits of the motion for amended findings or for a new trial.

## ISSUE

Did the hand delivery by the wife's attorney to the husband's attorney of a copy of the judgment and decree with a stamped notation by the Clerk of Court that the document had been filed constitute service of notice of the filing of the court's decision for purposes of the application of Rules 52 and 59, Minn.R.Civ.P.?

## ANALYSIS

Under Rule 59.03 of the Rules of Civil Procedure, a motion for a new trial "shall be served within 15 days after a general verdict *or service of notice by a party of the filing of the decision or order.*" (emphasis added). Under Rule 52.02 of the Rules of Civil Procedure, a motion for amended findings must be made not later than the time allowed for a motion for a new trial. The trial court, in its order denying appellant's motion for amended findings or for a new trial, determined that notice of filing of the court's decision was served upon counsel for the appellant by counsel for the respondent on May 13, 1983, and, since appellant's motion was served on July 14, 1983, ruled it was not timely.

Counsel for respondent claims that personally delivering to appellant's counsel a copy of the judgment and decree bearing a notation by the Clerk of District Court that the judgment and decree had been entered and filed on April 20, 1983, was sufficient notice of filing. He claims that he told appellant's attorney the purpose of handing him the copy. He does not claim that he provided any cover letter or any other written document with it stating the purpose for his hand delivery. Respondent alleges that such method of service of notice was insufficient and thus did not toll the fifteen days for service of a motion for new trial.

The Rules of Civil Procedure do not specify that notice of filing of the decision need be written. Common sense tells us that the purpose of the requirement is to ensure that a party is not foreclosed from moving for a new trial before it knows a decision has been entered. That purpose *could* be satisfied by oral notice accompanied by a copy of the judgment. However, the Advisory Committee Note to Rule 59.-03, Minn.R.Civ.P., states clearly that "the clerk's notice of the decision or order is not a notice which will commence time running under Rule 59.03." *See also Westling v. City of St. Louis Park,* 279 Minn. 366, 368–69, 157 N.W.2d 56, 58 (1968) ("Knowledge of the filing does not satisfy the requirements for service of written notice"); *citing Doyle v. Swanson,* 205 Minn. 40, 284 N.W. 874 (1939).

Service of notice that begins a countdown on valuable rights should be scrutinized. The Supreme Court has indicated, in dicta, that notice must be written. *See Westling* and *Doyle.* In *Timm v. Brauch,* 133 Minn. 20, 22, 157 N.W. 709, 710 (1916), the court said that to avoid uncertainty and misunderstanding about the time within which the right of appeal may be exercised, the notice of the filing of the decision should be in writing. The need for certainty in proof of such knowledge was also the reason cited by the court in *Doyle.* In addition, a longstanding rule in Minnesota states that when a statute requires notice to be given in judicial proceedings, it must be in writing unless otherwise provided. *See Singer v. Mandt,* 211 Minn. 50, 299 N.W. 897 (1941). For purposes of certainty, judicial economy, and the avoidance of contentious arguments over the recall of out of court oral conversations, this is a good rule.

## DECISION

The notice of filing of a decision or order required to start the time running to file a motion for amended findings or for a new trial must be written, not oral. Since the appellant did not receive proper notice under Rule 59.03, his motion for amended findings or for a new trial was timely and must be heard on the merits.

Reversed and remanded.