**William C. RIEMAN, Jr., Respondent,**

v.

**Jarrel D. JOUBERT, Appellant.**

**No. C3–84–1412.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Thomas A. Egan, Burnsville, for respondent.

George M. Roehrdanz, Minneapolis, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## MEMORANDUM OPINION

FOLEY, Judge.

### FACTS

Respondent William Rieman commenced an action against appellant Jarrel Joubert for breach of an oral contract in which Joubert agreed to pay Rieman $5,000 for his interest in a corporation jointly owned by the parties. On August 30, 1983, the trial court ordered Joubert to pay Rieman $5,000 together with interest from December 1, 1978. Joubert appeals from the trial court's order denying his motion for a new trial. Judgment was entered on September 20, 1983, in the sum of $6,487.43.

Joubert then made a motion for amended findings of fact and conclusions of law. Joubert also sought an order of the court to stay enforcement of the judgment pending the hearing on his motion. Rieman had not served written notice of the filing of the trial court's order prior to this motion. On September 19, 1983, the trial court extended the hearing on the motion to December 15, 1983, and, in addition, stayed enforcement of the judgment. On December 22, 1983, the trial court denied Joubert's motion for amended findings and conclusions of law. The time to appeal from the judgment expired on approximately December 19, 1983. Minn.R.Civ.App.P. 104.01. Joubert then sought discretionary review with this court which we subsequently denied.

On March 30, 1984, Rieman, for reasons not explained, served Joubert with written notice of the filing of the original Findings of Fact, Conclusions of Law, Order for Judgment dated August 30, 1983. On April 6 Joubert made a motion for a new trial alleging that certain errors occurred at trial, the decision was not justified by the evidence and that the decision was contrary to law. By order dated July 2, 1984, the trial court denied the motion for new trial. Joubert appeals from the trial court's order pursuant to Minn.R.Civ. App.P. 103.03(d). For the reasons hereinafter stated, this appeal is dismissed for lack of jurisdiction.

## ISSUE

Was Joubert's motion for a new trial untimely, thereby denying the trial court jurisdiction and precluding an appeal therefrom?

## ANALYSIS

 A motion for amended findings or a new trial:

> shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order * * *.

Minn.R.Civ.P. 52.02, 59.03. Knowledge of the filing, in itself, does not satisfy the requirements for service of written notice. *Westling v. City of St. Louis Park,* 279 Minn. 366, 368–69 n. 2, 157 N.W.2d 56, 58 n. 2 (1968). Additionally, service of written notice of the filing of the order by the clerk of court has been held not to trigger the time period. *O'Brien v. Wendt,* 295 N.W.2d 367, 370 (Minn.1980) (interpreting Minn.R.Civ.App.P. 104.01). We note, however, that Joubert made a motion for amended findings in September 1983, some six months prior to the service of written notice by Rieman.

 Joubert's motion for amended findings constituted notice of the filing of the order, thereby triggering the time limits specified in Rules 52.02 and 59.03. We reach this conclusion because Joubert's motion specifically referred to and quoted from the trial court's August 30 order. Service of such notice is not limited to an "adverse" party as in Minn.R.Civ.App.P. 104.01; instead, service by any party commences the running of the 15 day period as against all parties including the serving party. *Differt v. Rendahl,* 306 N.W.2d 813, 815 (Minn.1981).

 Therefore, the time period under Rule 59.03 for bringing a motion for new trial expired 15 days after Joubert served his motion for amended findings. Since Joubert's motion for new trial was served more than 15 days after notice of filing, the trial court had no jurisdiction to hear and rule on Joubert's motion. *Bowman v. Pamida, Inc.,* 261 N.W.2d 594, 597 (Minn. 1977). This time limit is absolute. *Id.* Jurisdiction had long since been lost when Joubert served his motion for new trial.

Once jurisdiction is lost, it cannot be revived or waived. A trial court lacks the power to extend the 15 day time limit. *Id.;* Minn.R.Civ.P. 6.02. Additionally, "[t]he parties cannot by their actions or agreement confer jurisdiction on the court, and an appellate court will determine the jurisdictional facts on its own motion even if neither party has raised the issue." *Davidner v. Davidner,* 304 Minn. 491, 493, 232 N.W.2d 5, 7 (1975); *see Wyman v.*

*Wyman,* 297 Minn. 465, 212 N.W.2d 368 (1973). The service of the written notice by Rieman on March 30 did not resurrect the trial court's jurisdiction to hear a motion served after the expiration of the 15 day time limit.

▪ To avoid this problem, Joubert could and should have combined his motions for amended findings and for a new trial in September 1983. This is especially important because only an order denying a motion for a new trial is appealable and there was no appeal from the judgment. *See* Minn.R.Civ.App.P. 103.03(d). An order denying a motion for amended findings is not appealable. *Tompkins v. Sandeen,* 243 Minn. 256, 67 N.W.2d 405 (1954).

## DECISION

Because the trial court lacked jurisdiction to hear Joubert's motion for a new trial, we dismiss this appeal.

Dismissed.

CRIPPEN, Judge, dissenting.

I respectfully dissent.

Unless compelled by rules of procedure or established appellate decisions, we should not disregard appellant's right of review.

The applicable rule (Minn.R.Civ.P. 59.03) is simply stated and widely respected in practice. To establish without doubt the time for a new trial motion, the rule utilizes a special notice document. As the majority opinion indicates, the same device is used to identify the time for appeal from an order. Minn.R.Civ.App.P. 104.01. Actual knowledge does not substitute for notice; this is so under the Rules of Civil Procedure, and it was the law before 1951 under similar statutory provisions. *State ex rel. Driscoll v. Enersen,* 183 Minn. 341, 236 N.W. 488 (1931).

It is true that the losing party may serve a notice of filing. *Differt v. Rendahl,* 306 N.W.2d 813 (Minn.1981). Also, the right for a motion may be lost when a party has taken steps (motion for extension of time) showing agreement that the time limits for that motion have begun to run. *Westling v. City of St. Louis Park,* 279 Minn. 366, 157 N.W.2d 56 (1968). *See Doyle v. Swanson,* 205 Minn. 40, 284 N.W. 874 (1939), and cases cited there. However, time limits for one purpose do not begin due to steps acknowledging that time has started to run . for another purpose. *State by Mondale v. Independent School Dist. No. 31,* 263 Minn. 438, 116 N.W.2d 711 (1962).

The majority elects to treat a motion for amended findings as notice by the losing party that time limits are running for a new trial motion. This conflicts with the rules of law stated above. Because the proposition conflicts with the plain meaning of Rule 59.03, it is tantamount to an amendment of the rule without notice. It also modifies Minn.R.Civ.P. 52.02, where it is provided that the motion for amended findings "may" be made with a motion for a new trial.

Finally, the decision of the majority disregards fundamental differences between the motion for amended findings and the motion for a new trial. The decision deprives a party of important rights related exclusively to the new trial motion.

Findings may be amended on a motion for new trial, but a motion for amended findings is not the same as one for a new trial.

> A motion for a new trial, however, does permit the court to open the judgment if one has been entered, or take additional testimony and thereafter amend the findings of fact and conclusions of law, or to make new findings and conclusions and direct the entry of a new judgment. See Rule 59.01. Thus, in regard to the possible breadth of review at the trial level, a far greater breadth is possible under Rule 59.01 than is possible under Rule 52.02.

2 J. Hetland and O. Adamson, Minnesota Practice 500 (1970).

As the majority opinion acknowledges, the order denying a motion for a new trial is appealable. The motion is an important step for a party who desires appellate re-

view. Contrariwise, the motion for amended findings is directed solely to the discretion of the trial court and is not appealable. The motion for amended findings has special significance as a means to resolve disputes without appeal.

The majority decision was not proposed by the respondent in this case. As stated above, it is unsupported by rule provisions or prior appellate decisions. I would review the case on its merits.