**TRI–STATE INSURANCE COMPANY OF MINNESOTA, Respondent,**

v.

**Donald BONTJES, et al., Appellants.**

**No. C7–92–471.**

Court of Appeals of Minnesota.

Sept. 8, 1992.

Steven R. Schwegman, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

Douglas A. Hedin, Minneapolis, for appellants.

Considered and decided by DAVIES, P.J., and LANSING and NORTON, JJ.

## OPINION

NORTON, Judge.

Appellant Jane Doe sued appellant Donald Bontjes, alleging sexual exploitation by a therapist. Bontjes tendered defense of the action to respondent Tri–State Insurance Company of Minnesota, which had issued Bontjes a homeowners policy. Tri–State denied it owed Bontjes a duty to defend and indemnify and commenced the present declaratory judgment action. Tri–State moved for summary judgment. Doe asserted the motion for summary judgment was untimely. The trial court granted Tri–State's motion, and Doe appeals.

## FACTS

Donald Bontjes was employed by West Central Community Services Center, Inc. as a chemical dependency counselor and therapist. Jane Doe, who was receiving in-patient and out-patient chemical dependency counseling at West Central, was assigned to group therapy sessions conducted by Bontjes. The complaint in the underlying action alleges Bontjes sexually exploited Doe's emotional dependence on Bontjes.

Bontjes initially sought a defense from St. Paul Fire and Marine Insurance Company, which provided a professional liability policy for West Central. St. Paul Fire denied coverage, asserting that Bontjes was not working within the scope of his duties at the time of the conduct alleged by Doe.

The complaint in the underlying action is dated September 18, 1989. In July of 1991, Bontjes first notified respondent Tri–State Insurance of the claim brought against him. Tri–State had issued a homeowners policy to Bontjes. Tri–State then commenced the present declaratory judgment action seeking a determination that it was not obligated to defend or indemnify Bontjes for the claims brought against him by Doe.

Tri–State's summons and complaint were served on Bontjes on October 2, 1991. Tri–State did not know the location of Jane Doe; therefore, Tri–State reached an agreement with her attorney pursuant to which Doe's attorney agreed to accept service of process on behalf of Doe. On October 18, 1991, Tri–State sent a letter to Doe's attorney confirming his willingness to accept service. The letter also indicated

that Tri–State had scheduled a motion for summary judgment for November 18, 1991.

Tri–State forwarded the summons and complaint to Doe's attorney around October 18, 1991. Doe's attorney signed the admission of service on November 4, 1991. On November 5, 1991, Doe's attorney received Tri–State's motion for summary judgment. The motion was scheduled to be heard via conference call on November 18, 1991. At the hearing, both Bontjes and Doe asserted the motion was untimely. The trial court agreed to continue the hearing on the motion to November 25, 1991.

At the November 25 hearing, Bontjes and Doe again raised their assertion that Tri–State's motion for summary judgment was untimely. The trial court rejected this contention and considered the motion on the merits. On the merits, the trial court found coverage was barred by the policy's intentional acts exclusion, by the absence of bodily injury and by the absence of an "occurrence" as that term is defined in the policy. The trial court determined the policy's business pursuits exclusion was inapplicable and rejected Tri–State's contention that coverage was barred by the late notice of Doe's cause of action against Tri–State's insured.

Following entry of judgment pursuant to the trial court's order for summary judgment, Doe and Bontjes entered into a *Miller–Shugart* settlement. Doe now appeals.

## ISSUE

Did the trial court err in determining Tri–State's motion for summary judgment was timely?

## ANALYSIS

Minn.R.Civ.P. 56.01 provides:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time *after the expiration of 20 days from the service of the summons* or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

*Id.* (emphasis added).

The time requirements of Minn.R.Civ.P. 56 are the same as Fed.R.Civ.P. 56. Prior to the 1948 amendments to Fed.R.Civ.P. 56, a motion for summary judgment could not be brought until after the answer was served. 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2711 (1983). The advisory committee report on the 1948 amendment stated:

The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. * * * Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment.

Fed.R.Civ.P. 56, Advisory Committee Report, 5 F.R.D. 433, 474 (1946). Any extension of time beyond the 30 days contemplated by the rules was viewed by the advisory committee as being "unnecessary delay." *Id.*

■ We believe the 20 days required by Fed.R.Civ.P. 56(a) and Minn.R.Civ.P. 56.01 represent the minimum allowable time for moving for summary judgment. A motion that does not meet this minimal requirement deprives the trial court of jurisdiction to rule on the motion. This is the construction given Fed.R.Civ.P. 56 by the federal courts that have considered the question. *See Osbakken v. Venable*, 931 F.2d 36 (10th Cir.1991); *Adams v. Campbell County Sch. Dist.*, 483 F.2d 1351 (10th Cir.1973).

Tri–State, noting that counsel for Doe agreed to accept service of the summons and complaint prior to October 18, 1991, apparently contends Doe's actual knowledge of Tri–State's intent to move for summary judgment provides an adequate substitute for the time required by Rule 56.01. Similar contentions have been rejected. *See O'Brien v. Wendt*, 295 N.W.2d 367 (Minn.1980) (30–day period to appeal order not started by notice of filing of order by clerk of court); *Westling v. City of St. Louis Park*, 279 Minn. 366, 157 N.W.2d 56 (1968) (knowledge of filing does not satisfy requirement for service of written notice for computing time for moving for new trial); *Levine v. Barrett & Barrett*, 83 Minn. 145, 85 N.W. 942 (1901) (service of written notice of filing by defendant on plaintiff does not limit time for defendant to appeal from order). Actual notice is not an adequate substitute for the time required by the rules.

Moreover, requiring that the 20 days begin to run from the date of service will avoid disputes over when a party became aware of a pending action. *See Levine v. Hauser*, 431 N.W.2d 269, 270–71 (Minn. App.1988).

We recognize that some cases have upheld summary judgments when the ten-day notice requirement of Minn.R.Civ.P. 56.03 has not been satisfied. *See Anderson v. Lappegaard*, 302 Minn. 266, 224 N.W.2d 504 (1974); *Niazi v. St. Paul–Mercury Ins. Co.*, 265 Minn. 222, 227, 121 N.W.2d 349, 353 (1963); *Wikert v. Northern Sand & Gravel, Inc.*, 402 N.W.2d 178 (Minn.App. 1987), *pet. for rev. denied* (Minn. May 18, 1987). Those cases, however, are distinguishable from the present case. In each of the cited cases, summary judgment was granted at the pretrial or comparable hearing, after full discovery, on undisputed facts. In each case, an answer had been served; the party against whom summary judgment was granted had an adequate opportunity to prepare for the summary judgment motion. In the present case, the motion for summary judgment was served the day after the complaint was served; the hearing was set less than 20 days after commencement of the action, in violation of the minimum time requirements of Rule 56.01.

Furthermore, Minn.R.Civ.P. 56.03 provides:

The motion shall be served at least 10 days before the time fixed for the hearing.

*Id.* This court and the Minnesota Supreme Court have held that the time period requirements of rule 56.03 are mandatory, absent a clear waiver by the adversary. *See McAllister v. Independent Sch. Dist. No. 306*, 276 Minn. 549, 149 N.W.2d 81 (1967); *Wikert v. Northern Sand & Gravel, Inc.*, 402 N.W.2d 178 (Minn.App.1987), *pet. for rev. denied* (Minn. May 18, 1987). Waiver is the voluntary relinquishment of a known right. *Beck v. Spindler*, 256 Minn. 543, 564, 99 N.W.2d 670, 684 (1959). Doe clearly did not waive the notice requirements of Rule 56.03.

### DECISION

Tri–State's motion for summary judgment was untimely, and the trial court did not have jurisdiction to consider the motion.

Reversed and remanded.